[No. 14424.   Department One. — December 28, 1892.]

# DAVID JACKS, APPELLANT, v. CARLOS BALDEZ ET AL., RESPONDENTS.

VACATION OF JUDGMENT — POWER OF COURT — MOTION AFTER TIME LIMITED — NOTICE OF ORDER OVERRULING DEMURRER — JUDGMENT ROLL. — Aside from the power granted by section 473 of the Code of Civil Procedure, a judgment can only be vacated upon motion when it is void upon its face; and it is error for the trial court to grant such a motion, not made under that section, but made more than eleven months after the date of the judgment, and based upon the grounds that the moving parties were not served with notice of the decision of the court overruling their demurrer, and granting them time to answer, where the judgment roll contains no copy of the notice, and appears to be complete and entire in all its parts.

ID. — JUDGMENT, WHEN VOID UPON ITS FACE. — A judgment is void upon its face only when that fact is made apparent by an inspection of the judgment roll.

ID. — JUDGMENT ROLL — NOTICE OF OVERRULING OF DEMURRER. — Notice of the overruling of a demurrer is not part of the judgment roll.

APPEAL from an order of the Superior Court of Monterey County setting aside a judgment.

The facts are stated in the opinion of the court.

*S. O. Houghton, W. M. R. Parker, B. V. Sargent,* and *Charles E. Nouges* for Appellant.

*R. M. F. Soto,* for Respondents.

GAROUTTE, J. — This is an appeal from an order setting aside a judgment. The motion was made eleven months after the judgment was entered, and was based upon the grounds that the moving parties, the defendants, were not served with notice of the decision of the court overruling their demurrer to the complaint, and allowing them twenty days to answer.

97 91
97 390
97 91
101 573
97 91
103 453
97 91
108 235
97 91
c112 118
97 91
119 110
97 91
122 282
97 91
126 55
97 91
124 74
97 91
140 674
97 91
146 247

The motion to set aside and vacate this judgment was not made under the provisions of section 473 of the Code of Civil Procedure, and aside from the power there granted, a judgment can only be vacated upon motion when it is void upon its face. (*Moore* v. *Superior Court*, 86 Cal. 495.) A judgment is void upon its face when that fact is made apparent by an inspection of the judgment roll. (*People* v. *Harrison*, 84 Cal. 609.) Respondents' motion was based upon the fact that they received no notice of the decision of the court in overruling the demurrer and giving time to answer. Under section 670 of the Code of Civil Procedure, which provides what documents shall constitute the judgment roll, we find no mention of any paper proving service of the notice of decision upon an order overruling a demurrer. In *Catanich* v. *Hayes*, 52 Cal. 338, the court said: "The notice of the overruling of the demurrer to the complaint, if one was given, would not of itself form part of the judgment roll." It follows that at the time the motion to set aside the judgment was granted, the judgment was not void upon its face, for a judgment roll was presented, which, upon inspection, appears to be complete and entire in all its parts. The motion not having been made under section 473 of the Code of Civil Procedure, and the judgment not being void upon its face, it follows that the order of the court in setting it aside was erroneous.

Let the order be reversed, and the cause remanded.

Paterson, J., and Harrison, J., concurred.

Hearing in Bank denied.