124  69
140 674
140 675
140 676

124  69
144 424

[S. F. No. 1168.   Department One.—March 20, 1899.]

JOHN W. BUTLER, Respondent, v. A. C. SOULE et al., Appellants, and THOMAS FANNING et al., Respondents.

FORECLOSURE OF MORTGAGE—RECITALS IN DECREE—JURISDICTION—MOTION TO VACATE JUDGMENT.—Where a decree rendered upon the foreclosure of a mortgage recites due service of summons and a copy of the complaint upon defendants named therein, including the mortgagor, and there is nothing in the judgment-roll to contradict or impeach the recitals contained in the decree, the facts recited must be deemed to be true; and a tenant in possession under the mortgagor, who moves to vacate the decree for want of jurisdiction over the premises, or over the person of the mortgagor, is concluded by the recitals of the decree, which import absolute verity.

ID.—MOTION TO VACATE SECOND JUDGMENT—VACATION OF FIRST JUDGMENT FOR INADVERTENCE—PRESUMPTIONS—COLLATERAL ATTACK.—The fact that the motion was made to vacate a second judgment does

not entitle it to be entertained, where the second judgment is not void upon its face, and no fraud or imposition is shown in procuring its entry; and where the record shows that the first judgment was vacated for inadvertence, and that the time for appeal from the order vacating. it had expired, without any appeal therefrom or modification thereof, it will be presumed, upon the collateral attack thereon made upon the motion to vacate the second judgment, that the order vacating the first judgment was properly made, and that circumstances arose which justified it, and that the court had jurisdiction to enter the second judgment.

ID.—MOTION BARRED BY LAPSE OF TIME.—A notice of motion to vacate a judgment. which is not void upon its face, nor shown to be fraudulent, served and filed after the lapse of six months from the entry of the judgment, is barred by lapse of time.

ID.—PARTIES TO MOTION—JUNIOR MORTGAGEE.—A junior mortgagee whose mortgage has been foreclosed by the second judgment, is unaffected by the motion to vacate the judgment, if not brought in on the motion as a party thereto.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion to vacate a judgment.   D. J. Murphy, Judge rendering judgment.   George H. Bahrs, Judge denying motion to vacate.

The facts are stated in the opinion of the court.

Robert Ash, and J. J. Burt, for Appellants.

Joseph Hutchinson, for John W. Butler, Respondent.

James H. McKnight, for Thomas Fanning, Respondent.

VAN DYKE, J.—This appeal is taken from an order of the court below entered the fifteenth day of February, 1897, denying the motions of the appellants, said defendant Soule, and said Burt, a tenant in possession of said premises under the mortgagor Soule, to vacate and set aside a judgment and decree of foreclosure made and entered in said court on the 6th of April, 1896.   The motion to vacate and set aside said judgment, as stated in the notice for the same, is based upon the ground that it "was and is absolutely void, for the reason that the said court never acquired jurisdiction over the premises described in the so-called decree, or any part thereof, or over the person of the defendant A. C. Soule in said action, who was the owner

in fee of the said premises, to give or make said so-called judgment or decree," and that the right of Burt, the said tenant in possession of the premises described in the judgment or decree of foreclosure, is independent of and beyond the reach or control of said judgment or decree. The said judgment or decree of April 6, 1896, recites: "And due proof was made to the court that the defendants, A. C. Soule, Grace N. Soule, Alfred J. Rich, W. J. Adams, San Francisco Lumber Company (a corporation), and Thomas Fanning (sued as John Doe), were each duly served with summons and copy of the complaint herein, and the time for them to appear and plead herein allowed by law having expired, and none of them except the said Thomas Fanning having made appearance, the default of each of them, except the said Thomas Fanning, was heretofore duly entered herein"; and further recites that said A. C. Soule and Grace N. Soule, and J. J. Rauer, assignee of A. C. Soule, insolvent, sued herein as Richard Roe, were each duly served with a copy of the answer and cross-complaint of the defendant Thomas Fanning, and the time for them to appear and plead therein allowed by law having expired, and having made no appearance, their default for not answering said cross-complaint was duly entered.

There is nothing in the judgment-roll to contradict or impeach the recitals contained in the decree, and therefore the facts recited are deemed to be true, and they show that the court had jurisdiction of the subject matter and of the parties. "The judgment of a court of general jurisdiction is conclusively presumed to be correct, unless the record itself of the judgment shows that the court did not have jurisdiction of the subject matter of the action, or of the person of the defendant. When the court has such jurisdiction, its record speaks absolute verity, because it is the court's record of its own acts; and such jurisdiction will be conclusively presumed, unless the contrary appears upon the face of the record." (*Crim v. Kessing*, 89 Cal. 478; 23 Am. St. Rep. 491.)

"The maxim of the law is, that the judgment of a court of general jurisdiction imports absolute verity, and its truth cannot be questioned either by showing otherwise than by the record itself that the court had no jurisdiction, or that the jurisdiction was fraudulently procured. Both upon the merits of

the cause of action, and upon all jurisdictional facts, the record imports absolute verity in law, and is to be tried by the court on inspection of the record only." (*Carpentier v. Oakland,* 30 Cal. 439; *Drake v. Duvenick,* 45 Cal. 455.)

"A judgment void upon its face is one that appears to be void by inspection of the judgment-roll. The mere absence from the roll of the paper—for example, the return of the officer showing a service of the summons—cannot invalidate the judgment when the judgment itself recites the fact that the defendant was duly served with process." (*People v. Harrison,* 84 Cal. 607.) To the same effect is Freeman on Judgments, section 130.

But it is claimed on the part of these appellants that the judgment in question is void for the reason that it is a second judgment or decree, a former one having been set aside by the court, and it is claimed that said order of the court setting aside the former judgment was void, and that said former judgment still remains in full force; hence the one in question is void. From the bill of exceptions it appears that the action was brought by the plaintiff to foreclose a mortgage covering the premises in question, made and executed on the nineteenth day of June, 1893, by the defendants A. C. Soule and Grace N. Soule to the plaintiff, to secure their promissory note of even date for the sum of five thousand three hundred and fifty dollars. The defendant and cross-complainant, Thomas Fanning, held a second mortgage executed by the defendant A. C. Soule, dated June 22, 1893, to secure a promissory note of even date therewith, in the sum of five hundred dollars, and by the recitals in the last decree, as already shown, Fanning was brought in as defendant on the plaintiff's suit under the fictitious name of John Doe. The first decree was entered June 28, 1895, and it appears therefrom that Fanning, as the holder of the second mortgage, was entirely ignored, and the decree and order of sale was in behalf of the plaintiff only. On October 8, 1895, appears a minute order reciting that upon motion of the plaintiff's attorney, "and it appearing to the court that the judgment heretofore entered herein was inadvertently entered, it is hereby ordered by the court that said judgment be and the same is hereby set aside." Thereupon, November 5, 1895, the defend-

ant Fanning filed an answer, together with a cross-complaint, setting up his junior mortgage and asking for judgment thereon as against defendant Soule, and for a sale of the mortgaged premises. Attached to the cross-complaint the following entry was made: "In this action the defendants A. C. Soule, Grace N. Soule, Alfred J. Rich, W. J. Adams, and San Francisco Lumber Company, having been regularly served with process, and having failed to appear and answer the cross-complaint of Thomas Fanning on file herein, and the time allowed by law for answering having expired, the default of said defendants in the premises is hereby duly entered according to law," and dated April 6, 1896. And there is nothing in the bill of exceptions to show that the service of the cross-complaint recited in the indorsement was not made as stated. No appeal has been taken from this order vacating and setting aside the first judgment, nor was there any motion made by these appellants or anyone to vacate, set aside; or modify the same. The inadvertence mentioned by the court may have been the fact that the decree did not cover all the controversies involved in the action, to wit, the rights of the defendant Fanning, the second mortgagee, or it may have been for some other reason not disclosed by the record. The court had jurisdiction of the subject matter and of the parties, and every presumption will be indulged in to support its judgments and orders.

"Circumstances may have arisen wherein the trial court would have been justified under the law in setting aside the first findings and judgment, and in filing the second findings and judgment, and, with no showing to the contrary, we must assume that such circumstances did arise." (*Paige v. Roeding*, 96 Cal. 391.)

"It is within the jurisdiction of the superior court to vacate a judgment entered by it by other proceedings than a motion for a new trial. If it has committed error in thus vacating the judgment, it can be corrected on a direct appeal, but on a collateral attack the order will be deemed to have been properly made." (*Storke v. Storke*, 111 Cal. 514. See, also, *Calton etc. Co. v. Swartz*, 99 Cal. 278.)

The decree in question not being void upon its face, and no fraud or imposition upon the court being shown so as to bring

the case within the rule of *Norton v. Atchison etc. R. R. Co.*, 97 Cal. 388, 33 Am. St. Rep. 198, the motion to vacate and set it aside came too late. The notice of motion was served and filed nearly ten months after the entry of the decree, whereas the code provision requires it shall be made within a reasonable time, but in no case exceeding six months. (Code Civ. Proc., sec. 473; *People v. Greene*, 74 Cal. 400; 5 Am. St. Rep. 448; *People v. Harrison, supra; Jacks v. Baldez*, 97 Cal. 91; *Wharton v. Harlan*, 68 Cal. 422; *People v. Temple*, 103 Cal. 447.)

The defendant and cross-complainant Fanning was not served with notice, or brought in on the motion to vacate and set aside the final decree in which his junior mortgage is foreclosed, and his rights, therefore, are unaffected.

There is no merit in the appeal.

Order affirmed.

Garoutte, J., and Harrison, J., concurred.