[Sac. No. 916. Department One.—October 17, 1903.]

# THE CANADIAN AND AMERICAN MORTGAGE AND TRUST COMPANY, Respondent, v. THE CLARITA LAND AND INVESTMENT COMPANY et al., Defendants; JUDAH BOAS, Appellant.

VACATION OF JUDGMENT—TIME FOR MOTION—VALIDITY OF JUDGMENT—POWER OF COURT.—A court has no power to vacate a judgment which is not void upon its face, unless the motion is made within a reasonable time, which cannot extend beyond the limit of six months fixed by section 473 of the Code of Civil Procedure, after the judgment was taken.

ID.—DETERMINATION OF VALIDITY—PRESUMPTIONS.—The question whether a judgment is void or valid upon its face can only be determined by an inspection of the judgment-roll; and unless the record of the judgment itself affirmatively shows that the court was without jurisdiction to render it, it is not void upon its face, and every presumption will be indulged in favor of its validity; and any condition of facts consistent with its validity will be presumed to have existed, rather than one which will defeat it.

ID.—PRESUMPTION AS TO SERVICE OF AMENDED COMPLAINT—SERVICE UPON PARTY—APPEARANCE BY ATTORNEY.—Where the record shows service of an amended complaint on a party for whom an attorney had appeared, but does not show that it was not served also upon such attorney, it must be presumed in favor of the action of the court in rendering judgment thereupon that the service upon the attorney was also shown to the court, though no record of it has been preserved.

ID.—PRESUMPTION AS TO AMENDED JUDGMENT.—Where a prior judgment for the appellant has been amended so as to render a judgment against him, it must be presumed in support of the judgment that any matters which could have been presented to the court below in support of the amended judgment were so presented, and that the amended judgment was rendered in accordance therewith.

ID.—AMENDMENT OF JUDGMENT TO CONFORM TO DECISION—POWER AND
DUTY OF COURT.—Where the court rendered a decision ordering
that judgment be entered against the appellant as a defaulting
defendant, as prayed for in the complaint, and that judgment
be rendered in favor of two other defendants for costs, and the
clerk entered a judgment in favor of all of the defendants, the court
had the power to amend the judgment in favor of the appellant,
so as to constitute it a judgment against him, to conform to its
actual decision, and it was its duty so to do.

ID.—CHANGE OF CONCLUSIONS OF LAW—MINUTE ENTRY.—An amendment
of the decision so as to change the conclusions of law, before mak-
ing the judgment to conform to the actual decision before rendered,
may be disregarded. A minute entry made prior to the decision,
directing that findings and judgment be drawn in favor of the
defendants, did not constitute the decision, and is immaterial.

ID.—PRAYER OF COMPLAINT—PERSONAL JUDGMENT—FORECLOSURE OF
LIEN—JURISDICTION OF COURT—VALIDITY OF AMENDED JUDGMENT.—
Where the original complaint and summons prayed both for a per-
sonal judgment and that it be declared a lien on certain land, and
the amended complaint, under which judgment was ordered by de-
fault as prayed for, asked for the same relief, but sufficiently
stated a cause of action for a personal judgment, it was within
the jurisdiction of the court to determine whether the plaintiff
was entitled to the lien prayed for, and the fact that the court
in amending the judgment to conform to its decision limited the
relief to the personal judgment prayed for, even if erroneous, cannot
render the amended judgment void.

APPEAL from an order of the Superior Court of Tehama
County refusing to vacate a judgment. John F. Ellison,
Judge.

The facts are stated in the opinion of the court.

Lucius L. Solomons, for Appellant.

Vincent Neale, for Respondent.

ANGELLOTTI, J.—This is an appeal by defendant Judah
Boas from an order denying his motion to vacate a judgment
entered against him in the superior court of Tehama County
on July 16, 1898.

The grounds stated in the notice of motion were, "that the
said judgment is void; that the court has no jurisdiction to

make such judgment, or to enter the default of said defendant; and that the same was so taken against him without due process of law.''

The application for the order to vacate said judgment was made more than eighteen months after the entry of the judgment, and therefore was properly denied, unless the judgment against him was void upon its face, for it is well settled in this state that a court has no power to set aside, on motion, a judgment not void upon its face, unless the motion is made within a reasonable time, and it is definitely determined that such time will not extend beyond the limit fixed by section 473 of the Code of Civil Procedure. (*Estate of Eikerenkotter,* 126 Cal. 54; *People* v. *Temple,* 103 Cal. 447, 453; *Young* v. *Fink,* 119 Cal. 107; *Norton* v. *Atchison etc. R. R. Co.,* 97 Cal. 388.[1]) It is not contended that the record does not affirmatively show that summons was personally served on appellant at the commencement of the action. Unless void upon its face, the judgment could not, therefore, be set aside on motion, unless the motion was made within six months ''after such judgment . . . was taken.'' (*Young* v. *Fink,* 119 Cal. 107.)

Whether a judgment is void upon its face can only be determined by an inspection of the judgment-roll. (*People* v. *Temple,* 103 Cal. 447; *Jacks* v. *Baldez,* 97 Cal. 91.) The question is to be determined on inspection of the record only. (*Butler* v. *Soule,* 124 Cal. 72.) Every presumption is in favor of the validity of the judgment, and any condition of facts consistent with the validity of the judgment will be presumed to have existed, rather than one which will defeat the judgment. (*In re Eichhoff,* 101 Cal. 605; *Eichhoff* v. *Eichhoff,* 107 Cal. 42.[2]) Unless the record of the judgment itself affirmatively shows that the court was without jurisdiction to render the judgment, the judgment is not void upon its face. (See cases cited, *supra.*)

1. It is urged that the second amended complaint, upon which the judgment was rendered, was never legally served upon appellant, and that for that reason the court was without jurisdiction to render judgment thereon against him. The contention in this behalf is, that the summons having

[1] 33 Am. St. Rep. 198.    [2] 48 Am. St. Rep. 110.

been served upon him, an attorney filed a demurrer to the complaint for all the defendants, of whom there were five, and thereby appeared for him, and that the second amended complaint was served upon appellant personally, instead of upon such attorney. It appears that there was some question as to the authority of this attorney to appear for appellant, and that he limited his demurrers to the first and second amended complaints to two other defendants, not acting at all on behalf of appellant after the filing of the first demurrer. The record does affirmatively show service of the second amended complaint on appellant himself, but it does not affirmatively show service of either the first or second amended complaint on said attorney. Regardless of the question as to whether proof of service of an amended complaint constitutes a part of the judgment-roll (Code Civ. Proc., sec. 670), the record does not show that such service of said amended complaint was *not* made upon the attorney as well as upon appellant personally. The judgment-roll is consistent with the fact that such service was made, and if such service upon the attorney was essential to the jurisdiction of the court to render judgment against appellant, "it must be presumed, in support of the action of the court, that such service was shown to it, although it has not preserved any record thereof." (*In re Eichhoff*, 101 Cal. 605; *Eichhoff* v. *Eichhoff*, 107 Cal. 42;[1] *Butler* v. *Soule*, 124 Cal. 73.)

2. It is further claimed that the judgment is void for the reason that there was a prior judgment in favor of appellant, and that the court had no authority to order a second judgment. It appears that the default of the appellant for failure to answer the second amended complaint having been regularly entered on February 9, 1898, and the case having been tried on June 27, 1898, the court, on the sixth day of July, 1898, rendered its decision in writing, as required by law (Code Civ. Proc., sec. 632), therein stating that the default of appellant for not answering having been duly entered, it *was ordered by the court that judgment be rendered against him as prayed in the complaint.* It further found the facts in favor of defendants Clarita Land and Investment

[1] 48 Am. St. Rep. 110.

Company and Joseph Rosenthal, and, as a conclusion of law, found that plaintiff was not entitled to judgment against said defendants investment company and Rosenthal, and that said two defendants were entitled to judgment against plaintiff for their costs of suit, and ordered judgment entered accordingly. The clerk of the court on the same day entered judgment, adjudging "that the plaintiff herein take nothing by its action, and that the defendants do have and recover of and from the plaintiff their costs and disbursements herein," etc. This judgment was not signed by the judge. On July 16, 1898, the court filed an amended decision, the only change therein from the first decision being in the conclusions of law, wherein the court finds that plaintiff is entitled to judgment against appellant for twelve hundred and fifty dollars, interest, and costs of suit. This was the relief asked in the complaint. On the same day another judgment, signed by the judge, was given, which decreed that plaintiff have and recover from appellant the sum of twelve hundred and fifty dollars, interest and costs, and that the defendants investment company and Rosenthal recover their costs from plaintiff.

If any matters could have been presented to the court below which would have authorized the so-called amended judgment, it must here be presumed, in support of such judgment, that such matters were so presented, and that the judgment was rendered in accordance therewith. (*Page* v. *Roeding,* 96 Cal. 388; *Butler* v. *Soule,* 124 Cal. 73.) "Courts have the power at all times to allow amendments to judgments for the purpose of having the judgment as entered express that which was rendered, so that the record will contain the actual decision of the court. . . . Where the clerk fails to enter judgment as it was pronounced, the court has always the power to correct the matter and order the proper entry to be made." (*Egan* v. *Egan,* 90 Cal. 15, 21.) Judicial errors can, of course, be remedied only through motion for a new trial, or by appeal, but there is no question as to the power of the court to amend its judgment of record to make it conform with the judgment pronounced by the court. (*First National Bank* v. *Dury,* 110 Cal. 69.) The so-called amended findings and decision of July 16, 1898, may, if necessary, be entirely

disregarded, as the findings and decision of July 6, 1898, were a sufficient basis for the action of the court in ordering entry of the judgment of July 16th. It appears from the decision of July 6, 1898, that judgment was in fact ordered in favor of plaintiff and against appellant as prayed in the complaint, upon his default, and that the only defendants in whose favor judgment was thereby ordered were the defendants investment company and Rosenthal. The judgment of July 6th entered by the clerk was not the judgment ordered by the court, and the court undoubtedly not only had the power to amend it, to make it conform to the order and judgment actually made and rendered, but it was its duty so to do. The minute entry of July 5, 1898, directing that "findings and decree be drawn in favor of the defendants" did not constitute the decision of the court, and is entirely immaterial.

3. It is further claimed that the action was one for the foreclosure of a lien, and that the court had no jurisdiction to render a personal judgment against appellant.

The prayer of the original complaint asked for a personal judgment against the defendants for the sum of twelve hundred and fifty dollars, and also asked that said sum be declared to be a lien on certain land, and the summons followed the prayer of the complaint. The second amended complaint asked for the same relief. It is immaterial here whether either complaint stated facts sufficient to entitle plaintiff to such relief. (*In re James,* 99 Cal. 376;[1] *Blondeau* v. *Snyder,* 95 Cal. 521.)

"The judgment, in this respect, was within the relief demanded by plaintiff in the complaint, and specified in the summons, and the court had jurisdiction, and indeed was required, to determine in that action whether upon the facts alleged the plaintiff therein was entitled to the relief which he demanded in his complaint." (*Blondeau* v. *Snyder,* 95 Cal. 521.) Under such circumstances, if the court commits an error in finding such a personal liability, the judgment is not for that reason void.

The second amended complaint did, however, sufficiently state a cause of action against all the defendants for the sum of twelve hundred and fifty dollars laid out and expended

[1] 37 Am. St. Rep. 60.

at the request of defendants, and for their benefit, and which they had promised to repay.

The trial court would not have been justified, upon the showing made, in vacating the judgment against appellant.

The order is affirmed.

Shaw, J., and Van Dyke, J., concurred