[Civ. No. 1438.   Third Appellate District.—June 2, 1916.]

CALIFORNIA CENTRAL CREAMERIES COMPANY (a Corporation), Respondent, v. THE CRESCENT CITY LIGHT, WATER AND POWER COMPANY (a Corporation), Appellant.

FINDINGS—FAILURE TO SERVE ADVERSE PARTY—JUDGMENT NOT VOID ON FACE.—A judgment is not void on its face by reason of the failure of the party directed to prepare findings to serve a copy of such proposed findings, as provided by section 634 of the Code of Civil Procedure, upon all other parties to the action at least five days before such findings are signed.

ID.—JUDGMENT—WHEN VOID.—A judgment is only void when, upon an inspection of the judgment-roll, it appears that the court either did not have or has exceeded its jurisdiction.

ID.—ORDER DIRECTING PREPARATION OF FINDINGS.—An order directing the preparation of findings is not a part of the judgment-roll, and, therefore, an inspection thereof would not disclose that such direction was given.

ID.—APPEAL FROM JUDGMENT—WAIVER OF SERVICE OF PROPOSED FINDINGS—RECORD.—Upon an appeal taken from a judgment upon the judgment-roll and a statement on appeal, it will be presumed that the appellant waived service upon him of the proposed findings, where the statement shows that the respondent was directed to prepare findings, and that they were prepared and signed on the same day, and no affirmative showing made that the appellant did not consent to such waiver of service.

ID.—WAIVER OF SERVICE OF PROPOSED FINDINGS.—The amendment to section 634 of the Code of Civil Procedure, requiring service of proposed findings at least five days before signing, was passed solely in the interest of parties litigant, and its provisions may be waived by them.

APPEAL from a judgment of the Superior Court of Del Norte County. John L. Childs, Judge.

The facts are stated in the opinion of the court.

F. A. Cutler, and Robt. W. Miller, for Appellant.

Gavin McNab, Hersch & McNulty, George W. Mordecai, and Oliver B. Wyman, for Respondent.

ELLISON, J., *pro tem.*—It appears from the record in this case that the court, on the sixteenth day of June, 1915, directed the attorneys for the plaintiff to prepare findings of facts, conclusions of law and judgment in favor of plaintiff and against the defendant; that counsel for plaintiff did prepare such findings and judgment and they were signed by the trial judge on said sixteenth day of June, 1915, and filed. Counsel for appellant invokes the provisions of section 634 of the Code of Civil Procedure, and claims that because said findings were not served upon him at least five days before being signed, the judgment is void. The part of said section relied upon by counsel is worded as follows: "In all cases where the court directs a party to prepare findings, a copy of said proposed findings shall be served upon all the parties to the action at least five days before findings shall be signed by the court, and the court shall not sign any findings therein prior to the expiration of such five days."

1. The judgment is not void. The court had jurisdiction of the subject matter of the action and of the defendant. The judgment rendered was one within the jurisdiction of the court. A judgment is only void when, upon an inspection of the judgment-roll, it appears that the court either did not have or has exceeded its jurisdiction. "Whether a judgment is void upon its face can only be determined by an inspection of the judgment-roll." (*People* v. *Temple*, 103 Cal. 447, [37 Pac. 414]; *Jacks* v. *Baldez*, 97 Cal. 91, [31 Pac. 899].) "The question is to be determined by an inspection of the record only. (*Butler* v. *Soule*, 124 Cal. 69, 72, [56 Pac. 601].) Unless the record of the judgment itself affirmatively shows that the court was without jurisdiction to render the judgment, it is not void on its face." (*Canadian etc. Co.* v. *Clarita etc. Co.*, 140 Cal. 672, [74 Pac. 301].)

A judgment prematurely rendered is not void. Thus, a judgment rendered and entered against a defendant by default before the time allowed to him by law to answer is not void, but only erroneous. (*In re Newman,* 75 Cal. 213, [7 Am. St. Rep. 146, 16 Pac. 887].)

The direction of the court that plaintiff's attorney prepare findings and judgment is no part of the judgment-roll (sec. 670, Code Civ. Proc.), and hence an inspection of it would not disclose that such direction was given. Upon the face of the judgment-roll there appears a judgment of a competent court upon a subject matter within its jurisdiction, against a party properly before it, and such a judgment as it was by law authorized to make. No matter what errors in practice or procedure may have occurred, such a judgment will not be held to be void, and is not.

2. Does the record affirmatively show error for which the judgment ought to be reversed?

There is in the record what purports to be a "Statement on Appeal," and from it we learn that the court directed the attorneys for plaintiff to prepare findings, and that they did so, and that they were signed and filed before the expiration of five days after service upon counsel for the defendant.

"It is presumed that the proceedings in the court below were regular, and where error is claimed it is incumbent upon appellant to show it affirmatively." (*Perry* v. *J. Noonan Furniture Co.,* 8 Cal. App. 35, [95 Pac. 1128].) "When a judgment of a trial court is brought here for review, it is incumbent upon the appellant affirmatively to show some reversible error committed by that court. If the appeal is prosecuted upon the judgment-roll, the error must appear upon the face of the record. Not only will error never be presumed but every presumption will be indulged in favor of upholding the judgment." (*Bliss* v. *Sneath,* 119 Cal. 526, [51 Pac. 848].) "In the absence of an affirmative showing that findings were not waived, in support of the order it will be presumed that they were waived. (*Mulcahy* v. *Glazier,* 51 Cal. 626; *Tomlinson* v. *Ayres,* 117 Cal. 568, 570, [49 Pac. 717].) It is not sufficient to merely specify the absence of findings as an error of law . . . but in the absence of findings, that findings were not waived, like any other error relied on for reversal, must be made to appear in the body of the

bill of exceptions or in some other appropriate way." (*Baker* v. *Baker,* 139 Cal. 626, [73 Pac. 469].)

Under the rule of law established in this state, in support of the regularity of the action of the trial court, nothing appearing to the contrary, it will be presumed that appellant waived the service upon him of the proposed findings or waived the five days' time allowed him to examine them, or that he was present when they were presented to the judge for signature and made no objection, but acquiesced in their being then signed. The record does not negative his consent or waiver, and it is not apparent that error was committed in signing the findings on the day they were signed.

3. It is finally claimed that a waiver of the five days' time in which to examine the proposed findings could not give the court jurisdiction to sign them before the expiration of that time.

The amendment to section 634 of the Code of Civil Procedure relied upon was passed solely in the interest of parties litigant, to give them an opportunity to suggest to the trial judge, before signing findings, certain matters they desired to have incorporated therein in their own interests. The amendment was not enacted for any public reason, and that the provisions of such a law could be waived by a party litigant seems clear. Section 3513 of the Civil Code provides: "Anyone may waive the advantage of a law intended solely for his benefit. But a law established for a public reason cannot be contravened by a private agreement." The distinction in the application of the first and second clauses of the section is well illustrated by the reasoning in the case of *Grannis* v. *Superior Court,* 146 Cal. 245, [106 Am. St. Rep. 23, 79 Pac. 891]. In that case it was sought to uphold a final decree of divorce entered before one year had expired after the trial and decision of the case. It was held that the public were interested in divorce cases; that the prohibition against granting a divorce until one year had expired was enacted in the interests of the public; that parties to such action have not the right to control procedure as in other actions; the state is "interested in the matter." "The rule in actions affecting property, that the parties interested may control the disposition of the interest involved, and that the judgment of the court will be made to conform to such disposition when ascertained, has no application to divorce cases. Hence it

follows that in such cases there can be no effectual waiving by the parties of any restriction established by law for the benefit of the public or for the protection of the interest which the state has in the preservation and permanence of the marriage relation.''

Our conclusion is that the judgment is not void and that the record does not affirmatively show error.

The judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 1, 1916, and the following opinion then rendered thereon:

ELLISON, J., *pro tem.*—In the petition for a rehearing filed herein it is stated: ''The opinion herein is in error in stating that the appeal is prosecuted from the judgment-roll alone.'' We have reread the opinion carefully and fail to find any statement or any reasoning that would suggest that we claimed or assumed, in considering or deciding the case, that the record on appeal consisted only of the judgment-roll. On the contrary, the opinion expressly referred to the ''statement on appeal,'' and discussed the force and effect of certain statements of facts therein contained. The court, in considering the case, at all times had it clearly in mind that it was an appeal from a judgment supported by a ''statement on appeal,'' which was deemed for all purposes a bill of exceptions, and that the record contained the full judgment-roll properly certified to, as was also the ''statement on appeal,'' and had no other thought.

Counsel for the appellant, in his brief filed before the cause was submitted, did not raise the point that the judgment was erroneous, but only contended it was void. In considering the claim made that the judgment was void, we first considered the question of whether an inspection of the judgment-roll alone would disclose that it was void, and held that it did not. It was stated in that connection that the order directing the attorneys for plaintiff to prepare findings is not made by law a part of the judgment-roll, and an inspection of it would not disclose that any such order had ever been made, and said: ''Upon the face of the judgment-roll

there appears a judgment of a competent court upon a subject matter, within its jurisdiction, against a party properly before it and such a judgment as it was by law authorized to make. No matter what errors in practice or procedure occurred, such a judgment will not be held to be void." We still adhere to the above statement and conclusion. (See, in addition to the authorities referred to in the opinion, *People* v. *Davis,* 143 Cal. 673, [77 Pac. 651] ; *Butler* v. *Soule,* 124 Cal. 69, [56 Pac. 601] ; *Jacks* v. *Baldez,* 97 Cal. 91, [31 Pac. 899] ; *People* v. *Temple,* 103 Cal. 447, [37 Pac. 414].)

In looking over the opinion it is noticed that, on page 2, line 3, it is said: "The judgment is not void." By inadvertence the words "on its face" were omitted, and it is probably this omission that has misled counsel as to the meaning and scope of the decision. The opinion will be corrected to read: "The judgment is not void on its face."

We next considered the case in view of the whole record, including the judgment-roll and statement on appeal. From the statement on appeal we found that the court had ordered the attorneys for the plaintiff to prepare findings; and that they were prepared and signed on the same day, but we held that the statement did not affirmatively show error, in that it did not show that appellant did not waive service of the findings upon him, and held that the judgment could not be reversed unless error was affirmatively shown, all presumptions being in favor of the regularity of the court's rulings, finding, and decision. The questions of whether the provisions of section 670 of the Code of Civil Procedure were mandatory or directory were fully disposed of for the purposes of this case, when we held that its provisions were passed for the benefit of individual litigants, not from considerations of public interest, and that a litigant could waive the five days' notice.

All points in the case have received careful consideration in the light of the judgment-roll and statement on appeal, and being satisfied with the conclusion reached, the petition for a rehearing is denied.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 31, 1916.