PORTILLA, PLAINTIFF AND APPELLANT, *v.* GARCÍA, DEFENDANT AND APPELLEE.

APPEAL from the District Court of· San Juan, Section 1, in an. Action for the Exercise of *Patria Potestas.*

No. 1923.—Decided March 11, 1919.

COMPROMISE—ATTORNEY AND CLIENT.—Section 9 of the act of March 8, 1906, regulating the practice of the profession of law in Porto Rico and repealing former statutes governing the same, refers only to the rights of an attorney in relation to proceedings followed in a court of law; and this right does not authorize the attorney to· bind his client by compromise or settlement, or in any other way, in connection with matters independent of such proceedings and which affect the subject-matter of the suit rather than the remedy. *Morales* v. *Oliver,* 24 P. R. R. 563.

ID.—ID.—JUDGMENT.—When a compromise is affected by a condition foreign to the complaint the attorney who agrees to compromise acts beyond his authority as representative or attorney of his client and the judgment entered in such circumstances may be set aside.

The facts are stated in the opinion.
*Mr. Eduardo López Tizol* for the appellant.
*Messrs. Juan J. Ortiz Alibrán* and *Victoriano M. Fernández* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On February 8, 1918, Eugenio Portilla filed an amended complaint against Rosario García in the District Court of San Juan, Section 1, praying for the custody of their minor daughter, Angelina Carmen Portilla y García, and alleging that for several years they had cohabited, but had finally separated; that as a result of such cohabitation they had two children named Angelina Carmen and Eugenio, of five

and two years of age respectively, both having been acknowledged by the plaintiff and the defendant in the civil registry of this city; that the defendant had always had the custody of Angelina Carmen although the plaintiff had demanded that she be delivered to him; that the plaintiff had never been divested of his rights of *patria potestas* over his daughter, nor had such rights ever been suspended.

Attorney M. Gaetán Barbosa answered the said complaint in representation of the defendant, alleging that Angelina Carmen and Eugenio were acknowledged children of the plaintiff and the defendant; that the girl was constitutionally delicate and needed her mother's care and attention; that she was educating the girl in the children's school of this city, the plaintiff paying $1 monthly for her instruction; that the defendant has always observed exemplary conduct and endeavored by her example to inculcate good habits and religious principles in her child, whereas the plaintiff is living in open concubinage with a woman named Emilia García in the ward of Puerta de Tierra of this city, and that the child would be exposed to a bad example if she went to live with her father.

The case having been heard, the court rendered the following judgment:

"On September 5, 1918, this case came on for trial in open court in the order of its setting and the parties appeared with their respective attorneys.

"Both parties read their pleadings and the defendant, by her attorney, stated that she would agree to a judgment for the plaintiff if he would take the custody of their other child, Eugenio García Portilla.

"In view of this statement the court adjudges that Angelina Carmen Portilla García and Eugenio Portilla García, children of the parties to this action, be placed under the *patria potestas* of the father and be delivered to him by the mother within three days.

"The clerk will issue the proper writ of execution."

Notice of the said judgment having been given to Attorney M. Gaetán Barbosa, on September 9, 1918, he filed the following motion:

"Now comes defendant Rosario García by her undersigned attorney and respectfully shows:

"That on the 5th instant the court adjudged in the above-entitled case that Carmen and Eugenio Portilla, the children of the parties, aged five and two years respectively, should be placed in the custody of the plaintiff, he being entitled to the *patria potestas,* as admitted by the attorney for the said defendant.

"That when notice of the judgment was given to the defendant she objected to the action of her attorney, and she requests that the court give her an opportunity to submit evidence, which she did not do on the day of the trial because she was sick.

"For the foregoing reasons this defendant respectfully moves the court to stay the execution of the judgment rendered on the 5th instant in the said case and at the same time to permit her to submit evidence on the 20th instant for a better understanding of the case."

Counsel for the parties argued the said motion and the court made an order on September 20, 1918, setting aside its judgment of September 5 for the following reasons:

"This is a case in which a divergence of opinion appears to have arisen between attorney and client. The explanation of this is simple and logical. The attorney must view the case in a purely legal aspect. The interested party, as the mother of the children, recognizes nothing in the laws superior to her maternal love or potent to separate her from her children. It requires no great psychological reflection to perceive the difference.

"Perhaps there is no case more appropriate than this for the application of section 140 of the Code of Civil Procedure which allows a rehearing or the temporary setting aside of a judgment or order taken against a party through his inadvertence, surprise or excusable neglect. The court does not wish to prevent this defendant from submitting evidence and being heard, although it entertains grave doubts of her ability to present anything that will destroy the effectiveness of the right of *patria potestas.* But as some fact might be brought to light which, if known, would have caused the .

court to change its opinion, its refusal to allow the defendant to state and prove that fact would be a source of remorse to the court for the reason that it would not hear the defendant although it had an opportunity to do so.''

The plaintiff appealed from that decision.

The question of law involved in this appeal is covered by the decision of this court in the case of *Morales* v. *Olivari*, 24 P. R. R. 563, in which we said:

"Section 9 of the Act of March 8, 1906, regulating the practice of the profession of law in Porto Rico and repealing former statutes on the subject, reads as follows:

" 'Attorneys shall, as long as they shall not have been notified by their clients of the revocation of their appointment, have the right to compel the client to comply with such judicial measures as the attorney may have taken on behalf of said client and appearing of record in the minutes of the court before which the same are taken, but not otherwise.' ''

"We are of the opinion that the said section has reference only to the authority of an attorney in relation to proceedings prosecuted in a court and that the scope of that authority cannot permit an attorney to bind his client by a settlement or compromise, or otherwise, in connection with matters which are independent of such proceedings and which affect the subject matter of the action rather than the remedy.   *   *   *

"For further enlightenment on this point see 6 C. J. p. 643, sec. 147; p. 657, sec. 169; p. 659, sec. 175; 2 R. C. L. p. 976, sec. 54; p. 986, sec. 63; p. 989, sec. 68; p. 995, sec. 75.''

This was not a case of a simple confession of judgment by the defendant represented by her attorney, M. Gaetán Barbosa, but of a confession of judgment on the condition that the plaintiff take custody not only of Angelina Carmen, as prayed for in the complaint, but also of the child Eugenio, whose custody was not sued for by the plaintiff; therefore the condition was foreign to the complaint. The confession of judgment went further than the prayer of the complaint and in adjudging that both children be placed under the *patria potestas* of the father, who should receive them from

the mother within three days, the court decided a question that was not at issue.

The surrender of the child Eugenio was a question entirely independent of the action and Attorney M. Gaetán Barbosa acted beyond his authority as representative or attorney of the defendant in proposing to the plaintiff the delivery of that child as a condition for the surrender of the child claimed in the complaint.

It appears clearly and expressly from the motion that the defendant did not approve of the action of her attorney, Gaetán Barbosa, and on September 23, 1918, defendant Rosario García herself gave written notice to her attorney, M. Gaetán Barbosa, and to the attorney for the plaintiff that she had withdrawn her authority to Gaetán Barbosa to represent her and had appointed Attorney Juan J. Ortiz Alibrán to represent her thereafter in the case.

The judgment was void on its face and could be set aside although this plea was not set up under section 140 of the Code of Civil Procedure, which is the same as section 473 of the California Code. 97 Cal. 91.

But even under said section 140 it does not appear that there was any manifest abuse of discretion on the part of the court in proceeding as it did.

If the judgment can be considered as the outcome of a compromise or settlement entered into between the attorneys for the parties, it would also be null and void for failure to observe the formalities prescribed for such cases by section 313 of the Code of Civil Procedure.

Section 358 of the said code is not applicable to the case for the reasons stated in the case of *John B. Harris Company* v. *Barbosa, ante,* p. 53.

The order appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.