PORTILLA, DEMANDANTE Y APELANTE, *v.* GARCÍA, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre ejercicio de la patria potestad.

No. 1923.—Resuelto en marzo 11, 1919.

TRANSACCIÓN DEL PLEITO—ABOGADOS—PODER DEL ABOGADO PARA TRANSAR POR SU CLIENTE—GESTIONES JUDICIALES.—La sección 9 de la ley de 8 de marzo de 1906 determinando reglas para el ejercicio de la profesión de abogado en Puerto Rico y derogando leyes anteriores sobre la materia se refiere solamente al poder que tiene el abogado de un cliente con relación a los procedimientos que se siguen en una corte sin que ese poder pueda tener el alcance de obligar el abogado al cliente mediante transacción o arreglo o de cualquier otro modo en lo que respecta a cuestiones independientes del procedimiento y que afectan a la materia objeto de la acción más que al remedio. *Morales* v. *Olivari*, 24 D. P. R. 601.

ALLANAMIENTO — ALLANAMIENTO CONDICIONAL — CONDICIÓN AJENA A LA DE-
MANDA—SENTENCIA NULA.—Cuando el allanamiento está afectado por una
condición extraña a la demanda, el abogado actúa, al allanarse, fuera de
sus facultades de representante o apoderado de su cliente, y la sentencia
dictada en esas condiciones puede anularse.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Eduardo López Tizol.*

Abogados de la apelada: *Sres. Juan J. Ortiz Alibrán* y
*Victoriano M. Fernández.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

Ante la Corte de Distrito de San Juan, Sección Primera,
presentó demanda enmendada en 8 de febrero de 1918, Eu-
genio Portilla contra Rosario García para que ésta le entre-
gara su menor hija Angelina Carmen Portilla y García, ale-
gando al efecto que por espacio de varios años habían llevado
relaciones amorosas que habían terminado con la separación
de ambos; que como resultado de dichas relaciones tuvieron
dos hijos nombrados Angelina Carmen y Eugenio, de cinco
y dos años de edad respectivamente, reconocidos ambos por
demandante y demandada en el registro civil de esta ciudad;
que la demandada siempre ha tenido bajo su custodia a la
menor Angelina Carmen y el demandante le ha reclamado
su entrega sin haberla conseguido; y que el demandante
nunca ha sido privado de sus derechos de patria potestad,
sobre su mencionada hija, ni tales derechos le han sido sus-
pendidos.

A la anterior demanda se opuso la demandada represen-
tada por su abogado M. Gaetán Barbosa y para sostener su
oposición alega que los niños Angelina Carmen y Eugenio
eran hijos reconocidos del demandante y de la demandada;
que la niña necesitaba sus cuidados y atenciones por ser de
constitución delicada; que ella educaba a la referida niña
en el Colegio de Párvulos de esta ciudad pagando el deman-
dante un dólar mensual por su instrucción; que ella siempre

ha observado excelente conducta, procurando infiltrár en su hija ejemplos de sanas costumbres y prácticas religiosas y que el demandante vivía en concubinato público con una mujer llamada Emilia García en el poblado de Puerta de Tierra de esta ciudad y sería un mal ejemplo para la niña si ésta fuera a vivir con su padre.

Llamado el caso a juicio la corte dictó sentencia que dice así:

"En 5 de septiembre de 1918 y en corte abierta se llamó este caso a juicio oral por su orden de señalamiento, y comparecieron las partes asistidas de sus respectivos letrados a la vista de este caso.

"Ambas partes leyeron sus alegaciones y la demandada por conducto de su letrado manifestó que se allanaba a la demanda, si el demandante tomaba a su cuidado el niño Eugenio García Portilla, hijo también de demandante y demandada.

"Y la corte a virtud de esas manifestaciones dicta sentencia disponiendo que los niños Angelina Carmen Portilla García y Eugenio Portilla y García, hijos de las partes en este pleito, queden bajo la patria potestad del padre, debiendo serle entregados a éste por la madre, en un término de tres días.

"El secretario librará la correspondiente orden de ejecución."

Notificada la anterior sentencia al abogado M. Gaetán Barbosa presentó este en 9 de septiembre de 1918 moción a la corte, que transcribimos a continuación:

"Ante la Honorable Corte comparece la demandada Rosario García representada por el abogado que suscribe y respetuosamente solicita y expone:

" 'Que el día 5 del presente mes la corte dictó una orden en el caso arriba expresado disponiendo que los niños Carmen y Eugenio Portilla, de cinco y dos años de edad respectivamente, pasaran a poder del demandante, por ser de éste la patria potestad, así reconocido y aceptado por el abogado de dicha demandada.

"Que la demandada al serle comunicada la orden no ha estado conforme con las gestiones de su abogado e insiste en que la corte le dé una oportunidad para presentar prueba de dicho caso, no habiéndolo hecho en el día del juicio por encontrarse enferma.

"Por`las razones expuestas esta demandada respetuosamente solicita de la corte suspenda los efectos de la sentencia y orden dictada el día 5 del presente mes en el caso antes dicho y a la vez le permita practicar su prueba en el día 20 del presente mes para mayor resolución del caso.' "

Ambos letrados argumentaron la anterior moción y la corte dictó resolución en 20 de septiembre de 1918 dejando sin efecto su sentencia del día 5 del propio mes consignando como motivos de su resolución los siguientes:

"Este es un caso en el que parece haber surgido una divergencia de opinión entre la cliente y su abogado. La explicación de esto es lógica y sencilla; el abogado tiene que mirar el caso en su aspecto puramente legal; la parte interesada como madre de esos menores no entiende de ley alguna, ni de artículos de código que sea superior a su amor maternal, ni que pueda arrancar de sus brazos a sus hijos. De aquí la diferencia, explicable a la luz de un ligero estudio psicológico.

"Quizás no hay un caso en que mejor pueda hacerse aplicación al artículo 140 del Código de Enjuiciamiento Civil permitiéndose una enmienda a un procedimiento o eximiendo siquiera sea temporalmente, a una parte, de los efectos de una sentencia u orden, dictada por inadvertencia, sorpresa o excusable negligencia. La corte no quiere privar a esta demandada de presentar prueba y ser oída, aunque abriga una gran duda de que pueda ella presentar algo que destruya la eficacia del derecho de patria potestad. Pero como podrá después aparecer un hecho que al ser conocido hubiera cambiado la opinión del juez y que si hubiera privado a esta demandada de exponer y probar ese hecho, sería algo que pesaría con el peso del remordimiento sobre el juez, que' pudo oir y no oyó la alegación aquella."

Contra la anterior resolución interpuso recurso de apelación la parte demandante.

La cuestión legal envuelta en el presente recurso se resuelve por los principios que estableció esta Corte Suprema al resolver el caso de *Morales* v. *Olivari, Juez Municipal, y Rodríguez et al., interventores,* 24 D. P. R. 601.

Entonces dijimos:

"La sección 9ª. de 8 de marzo de 1906 determinando reglas para el ejercicio de la profesión de abogado en Puerto Rico y derogando leyes anteriores sobre la materia, dice así:

" 'Todo abogado, en tanto que no se le haya notificado por sus clientes la revocación de su representación, tendrá derecho para obligar al que lo haya elegido como tal en todas las gestiones que judicialmente practique en nombre de dicho cliente y que consten en las minutas de la corte ante la que tales gestiones se verifiquen pero no de otra suerte.'

"Opinamos que la sección transcrita se refiere solamente al poder que tiene el abogado del cliente con relación a los procedimientos que se sigan en una corte, sin que ese poder pueda tener el alcance de obligar el abogado al cliente mediante transacción o arreglo o de cualquier otro modo en lo que respecta a cuestiones independientes del procedimiento y que afecten a la materia objeto de la acción más que al remedio.   *   *   *

"Para mayor ilustración sobre ese particular véanse 6 C. J., p. 643, sec. 147; p. 657, sec. 169; p. 659, sec. 175; 2 R. C. L., p. 976, sec. 54; p. 986, sec. 63; p. 989, sec. 68; p. 995, sec. 75."

En el presente caso no hubo un simple allanamiento a la demanda por parte de la demandada representada por su abogado M. Gaetán Barbosa, sino un allanamiento afectado por la condición de que el demandante tomara a su cuidado no solamente a la niña Angelina Carmen según prentendía en la demanda, sino también al niño Eugenio cuya entrega no se reclamaba por el demandante y era por tanto ajena a la demanda.   El allanamiento fué más allá de lo que se pretendía en la demanda y la corte resolvió una cuestión que no estaba en *issue* al disponer que ambos niños quedaran bajo la patria potestad del padre a quien debían serle entregados por la madre en el término de tres días.

La entrega del niño Eugenio era cuestión completamente independiente del procedimiento y el letrado M. Gaetán Barbosa actuó fuera de sus facultades de representante o apoderado de la demandada al proponer al demandante la en-

trega de ese niño como condición precisa para la entrega de la niña según pedía en la demanda.

De la moción aparece claramente que la demandada no estuvo conforme con las gestiones de su abogado Gaetán Barbosa según éste lo manifiesta expresamente en dicha moción; y la misma demandada Rosario García en escrito de 23 de septiembre de 1918, notificó a su abogado M. Gaetán Barbosa y al abogado del demandante que había retirado el mandato conferido a Gaetán Garbosa para representarla en el asunto, habiendo nombrado al licenciado Juan J. Ortiz Alibrán para que continuara representando sus intereses y derechos en el caso.

La sentencia era nula por su faz y podía ser anulada aunque la nulidad no fuera solicitada al amparo del artículo 140 del Código de Enjuiciamiento Civil que es el 473 del de California. 97 Cal. 91.

Pero aun dentro del artículo 140 citado no aparece que hubiera manifiesto abuso de discreción por parte de la corte al proceder como procedió.

Si se puede considerar la sentencia pronunciada como resultado de una transacción o arreglo habido entre los abogados de ambas partes, también adolecería de nulidad por falta de cumplimiento de las formalidades prevenidas para el caso por el artículo 313 del Código de Enjuiciamiento Civil.

Por lo que atañe al artículo 358 del mismo Código no es de aplicación al caso por las razones que ya adujimos al resolver el caso No. 1907 de *Harris Co.* v. *Barbosa,* decidido en enero 31, 1919, (pág. 57).

Es de confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.