STATE EX REL. THOMPSON, RELATOR, *v*. DISTRICT COURT ET AL., RESPONDENTS.

(No. 4,570.)

(Submitted March 3, 1920. Decided March 22, 1920.)

[188 Pac. 902.]

*Prohibition—Scope of Writ—Default Judgments — Vacation..*

Judgment—When Void.
  1.  A judgment is void only when upon inspection of the judgment-roll it is apparent that the court either did not have jurisdiction or has committed an act in excess of its jurisdiction.
Default Judgment—Vacation—When Error.
  2.  Vacation of a decree of divorce, rendered upon default after publication of summons, on the ground of fraud on the part of plaintiff,

after a lapse of more than fifteen months from its rendition, *held* error, defendant's remedy being an action in equity to set the decree aside on the ground stated.

Prohibition—Scope of Writ.

3. The office of the writ of prohibition is primarily to arrest proceedings, but when a case arises in which there are orders to be annulled and proceedings to be stayed, it will, upon a proper showing, annul all prior orders and stay such further proceedings as may be necessary to make the remedy complete.

[As to the nature of the writ of prohibition, see note in 111 Am. St. Rep. 930.]

Original application for writ of prohibition by the state of Montana, on the relation of Andrew Thompson, to restrain the District Court of the Fourteenth Judicial District in and for the County of Meagher and E. H. Goodman, Judge thereof, from proceeding further in a certain action. Writ ordered to issue.

*Messrs. Miller, O'Connor & Miller* and *Mr. Harry H. Austin,* for Relator, submitted a brief; *Mr. Austin* argued the cause orally.

*Mr. E. E. Lofgren* and *Mr. Earl V. Cline,* for Respondents, submitted a brief; *Mr. Lofgren* argued the cause orally.

MR. JUSTICE COOPER delivered the opinion of the court.

Andrew Thompson, the relator in this proceeding, on the third day of August, 1918, commenced an action for divorce against Inga Thompson by filing a complaint in the district court of the fourteenth judicial district of the state of Montana in and for Meagher county. In his complaint he alleged that he had been, continuously for a number of years immediately prior to the filing of the complaint, a citizen and resident of Montana; that the defendant had deserted him, and at all times theretofore had been a permanent resident of the kingdom of Norway, and had never been within the United States or the state of Montana to live with him as his wife. It is admitted that copies of the summons and complaint in the divorce action were, on the third day of August, 1918, mailed by the clerk of the district court, directed to Inga Thompson, at Egersund, Norway, and received by her there on October 20, 1918; that service of sum-

mons was had by publication once each week for four successive weeks in the "Meagher County Republican," a newspaper published at the city of White Sulphur Springs, in Meagher county, pursuant to statute; and on September 20, 1918, the defendant, Inga Thompson, having made no appearance, default was on that day taken against her, and a decree of divorce rendered by Honorable John A. Matthews, then the judge of said court, and duly entered.

It appears that on January 2, 1920, Inga Thompson, through her brother Carl Klawson, her attorney in fact, represented by E. E. Lofgren, Esq., an attorney at law, appeared, presented, and filed in that action, under its caption and title, "an affidavit or bill and motion to set aside the said default and to vacate the said decree, and praying for a temporary restraining order," upon which the district court made an order that the plaintiff, Andrew Thompson, show cause on January 30, 1920, in the courtroom in the city of White Sulphur Springs, Meagher county, why an order should not be made setting aside the default, vacating said decree, enjoining relator from transferring any of his property pending the final determination of said action, and requiring him to pay into court a suitable sum for alimony, support and maintenance of defendant during the pendency of the action, and also for attorney's fees. On January 6, 1920, copies of said affidavit and order were duly served, and on January 30, 1920, a hearing was had thereon, at which the court overruled a motion to strike from the files the written affidavit of Carl Klawson; vacated the default and set aside the judgment of divorce; permitted the filing of defendant's proposed answer denying the plaintiff's charge of desertion; ordered relator to pay "within thirty days from that date the sum of $100 as suit money," and continued in force the temporary order enjoining the transfer or other disposition of his real or personal property pending the action. Upon this state of facts, a writ of prohibition, restraining the district court of Meagher county and Honorable E. H. Goodman, the judge thereof, from proceeding further in said action, is asked.

The relator's contention is that the inquiry here is to be confined to an inspection of the judgment-roll; that the evidence disclosing matters extrinsic to the judgment is incompetent, and a proper application of the provisions of section 6589 of the Revised Codes only is involved. The respondents assert that the decree of September 20, 1918, was obtained through the fraud, misrepresentation and concealment of plaintiff; that the summons served by publication was insufficient to meet the requirements of section 6522 of the Revised Codes; and that the respondents had jurisdiction to make the order.

The judgment-roll contains the complaint, the summons, with the sheriff's return of nonservice attached thereto, proof of its publication, the evidence of mailing by the clerk, and the decree awarding the relator a divorce.

Section 6520 of the Revised Codes provides for service of the summons by publication when the defendant resides out of the state. Section 6521 directs how publication shall be made. Section 6522 provides that if service be had by publication, "the summons, in addition to the requirements of section 6515 shall contain a general statement of the nature of the action." Section 6515 directs the manner of publication of summons. If the essential requirements of these Code sections were observed in the proceedings we are asked to review, relief can only be found in an independent action to set aside the judgment for fraud in its procurement.

In *State ex rel. Happel* v. *District Court,* 38 Mont. 166, 129 Am. St. Rep. 636, 35 L. R. A. (n. s.) 1098, 99 Pac. 291, it is said: "Under the statute [Rev. Codes, sec. 6589], the motion in such cases must be made within a reasonable time after the date of the entry of judgment, but in no case exceeding six months, and the statute is the limit of the court's power in such cases. After the expiration of the time limit fixed therein, the power of the court over the judgment absolutely ceases, and it is without jurisdiction to vacate or modify it."

In *State ex rel. Smotherman* v. *District Court,* 51 Mont. 495, 153 Pac. 1019, it was held that because the motion to set aside

the default against a defendant personally served with summons was not made until more than ten months after default had been entered, the trial court was without jurisdiction to set aside the default, and the order was annulled.

The district court had jurisdiction of the divorce action, and, by the provisions of the statute authorizing publication of summons, jurisdiction of the parties, and consequently power to [1] render the judgment. A judgment is void only when upon inspection of the judgment-roll it is apparent that the court did not have jurisdiction. This can only be determined by reference to the judgment-roll; and, unless the record affirmatively shows that the court was without jurisdiction to render the judgment, it is not void on its face. (*Canadian etc. Co.* v. *Clarita* [2] *Co.,* 140 Cal. 672, 74 Pac. 301.) The judgment is fair on its face, obtained in compliance with the statutory steps necessary to its validity, and not susceptible to attack in the original action after the lapse of one year from its rendition. It was error, therefore, to grant the relief on the motion and affidavit. (*Moore* v. *Superior Court,* 86 Cal. 495, 25 Pac. 22; *Jacks* v. *Baldez,* 97 Cal. 91, 31 Pac. 899; see, also, *Dyerville Mfg. Co.* v. *Heller,* 102 Cal. 615, 36 Pac. 928; *Wharton* v. *Harlan,* 68 Cal. 422, 9 Pac. 727.) The remedy of the aggrieved party in the premises must be in a new action to set the decree aside for fraud. A court of equity, under its general jurisdiction, has full authority to afford that relief upon a proper showing.

Counsel, however, insists that the order complained of was properly made because the judgment is void on its face, in that the published summons therein did not contain "a general statement of the nature of the action," under section 6522. It is free of that infirmity, for by a comparison of its language with the mandates of sections 6515 and 6522, it will be seen that their provisions were literally complied with.

The actuating intent of the legislative assembly doubtless had a double aspect: First, to afford relief to a party personally served with process, upon a proper showing of mistake, inadvertence, surprise or excusable neglect, made within six months

after the entry of judgment, order or other proceeding; and, for like reasons to a party served by publication, within one year. Second, where relief is not sought in the original proceeding in the statutory mode, to give the stamp of finality to a judgment standing unassailed for the periods therein specified. It was mindful, however, all the while of the powers of the courts, in the exercise of their equity jurisdiction, to prevent a party from enjoying advantage of an unconscionable adjudication in his favor.   (2 Freeman on Judgments, 4th ed., sec. 484a; 1 Black on Judgments, sec. 321.)

The office of the writ of prohibition is primarily to arrest [3] proceedings; but when a case arises in which there are orders to be annulled and proceedings to be stayed, it will, upon a proper showing, annul all prior orders and stay such future proceedings as may be necessary to make the remedy complete. (*Havemeyer* v. *Superior Court*, 84 Cal. 394, 18 Am. St. Rep. 192, 10 L. R. A. 627, 24 Pac. 121.)   Prohibition is therefore the proper remedy.   (*State ex rel. Lane* v. *District Court*, 51 Mont. 503, L. R. A. 1916E, 1079, 154 Pac. 200.)

The writ of prohibition will issue, restraining the district court from proceeding further in the premises, with directions to vacate and annul all its orders made and proceedings had in the original action subsequent to the rendition and entry of the judgment therein.

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY and HURLY concur.

MR. JUSTICE MATTHEWS, deeming himself disqualified, takes no part in the foregoing decision.