# GEORGE F. SHARP v. J. BRUNNINGS, H. BRUN-NINGS, AND J. BENSLEY et als.

JURISDICTION OF THE PERSONS OF DEFENDANTS.—Where S. and B. admitted "due service" of the summons in an action against them and others, the Court thereby acquired jurisdiction of them, and as to them the judgment was valid.

IDEM.—Where the decree in an action by M. against S., B., and others, for foreclosure of a mortgage, recited that "the defendants above named, having been duly served with process, *  *  * as appears by the proof of service of the process issued herein and on file in this action," etc.: *Held*, that this recital, under the rule in *Hahn* v. *Kelly*, 34 Cal. 390, is conclusive in favor of the jurisdiction of the Court of the persons of said defendants.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

This was an action to recover a portion of the One Hundred Vara Lot Thirteen, in the City and County of San Francisco. Both parties deraigned title from Sanders and Brenham—the plaintiffs under attachment and judgment sales against Sanders and Brenham; while defendants claim to have Sanders and Brenham's title under foreclosure of mortgage, brought in the Twelfth District Court, in and for said city and county, in which J. Mora Moss was plaintiff, and Brenham and Sanders, and others, who were the attaching creditors under whose judicial sale plaintiff claimed, were defendants. If the title under said foreclosure proceedings was valid as to all the parties thereto, then plaintiff's title failed, and this depended upon the fact whether the Court acquired jurisdiction of the persons of the defendants therein or not. In that case, Brenham and Sanders, by written acknowledgement, admitted service of copies of the summons and complaint therein, in the City and County of San Francisco, while "due service" of the same was admitted in said city and county by the respective attorneys of the other defendants. Judgment by default was entered against all the defendants, which also contained the following recital, to wit: "that the complaint was duly filed, and the defendants above named, having been duly served with process to

appear and answer according to law, and that all of the said defendants reside in the City of San Francisco, as appears by the proof of service of the process issued herein and on file in this action," etc. The plaintiff objected to the introduction in evidence of said foreclosure proceedings and judgment, on the grounds "that the Court had no jurisdiction over the person of any of the defendants in said action so as in any manner to defeat the plaintiff's right to recover in this action; that the record did not show a personal service upon the defendants under whom the plaintiff claimed, and that there was no such appearance by the defendants so as to bind the defendants in said original action or the plaintiff in this action; nor was there any written notice of appearance of said attorneys; and that said judgment was void." Which objections were overruled by the Court, and plaintiff duly excepted. The defendants had judgment, and plaintiff appealed therefrom and from an order denying his motion for a new trial.

*G. F. & W. H. Sharp,* for Appellant.

The single question in this case arises upon the judgment roll of *Moss* v. *Sanders et als.,* offered by defendants. Plaintiff objected to the admission of this roll, upon the ground that it appeared upon the face of said roll that the parties under whom plaintiff claims were not personally served with process, nor did they appear, nor did any attorney give notice of appearance for them; therefore the judgment was void for want of jurisdiction, and plaintiff is not bound by the decree. The Court overruled plaintiff's objection, and he now assigns it as error. There is no dispute as to title. If this decree is not binding upon plaintiff, the title is in him; and if it is, then title is admitted in the respondents.

There are but two ways in which a party can be served with a process: 1st. Personally; 2d. By publication. (Prac. Act, Sec. 29.) And if not thus obtained, no valid judgment

can be rendered against him. As a general principle of law, service must be personal, unless specially authorized by statute. In this case no personal service was ever made or attempted upon any of the co-defendants of Sanders and Brenham, who are the parties under whom plaintiff claims.

Section thirty-three of the Practice Act prescribes the only means in this State for making proof of service: First—If served by the Sheriff, his certificate; Second—Affidavit of any other person; Third—If published, by affidavit of the printer; and Fourth—By written admissions of the defendants.

Clearly, the indorsement of proof of service in this case comes within none of these requirements. "The written admission" referred to in this section can only be made by those upon whom the law allows a summons to be served. In this case the admission is not by defendant; it is for him, made by his attorney. The powers of attorneys in this State are well and clearly defined by section three hundred and ninety-nine of Hittell's Digest. The power to accept service of summons is not one of them; and the concluding words, "and not otherwise," exclude all powers not expressed. Moreover, the Practice Act prohibits service of process upon an attorney:

"SEC. 519. Written notices to be served on attorneys shall be served as herein provided, but nothing in this Act shall be applicable to original or final process or proceedings to bring a party into contempt.

"SEC. 524. But in all cases where the party has an attorney in an action or proceeding, the service of papers, when required, shall be on him instead of the party, except subpœnas, writs, or other process issued in the suit, and of papers, to bring him into contempt."

These sections explain the term "agreement" mentioned in section three hundred and ninety-nine of Hittell's Digest, and also prohibit the service of process upon the attorney

instead of the defendant; and as service cannot be made upon the attorney, his admission cannot bind the defendant. This section also excludes subpœnas. Subpœnas are required to be personally served, (Sec. 404,) like a summons.

So an injunction issued to A., upon B.'s admission that he accepted service as attorney for A., the latter would not be liable for a disobedience. (*Becker* v. *Hager*, 3 How. Pr. 68.) The place where the summons is served must be shown. (Prac. Act, Sec. 34; *Whitworth* v. *Barbier*, 7 Cal. 62.) The indorsement that "we reside in the City of San Francisco," applies only to the signer, to wit: the "attorney."

The Court does not acquire jurisdiction until the services of the summons and complaint, and this service was never made. (Prac. Act, Sec. 35.) For these reasons the Court below should have sustained plaintiff's objections. The respondents, however, say that this indorsement was an appearance by the respective attorneys of the parties defendant, and their authority will be presumed. We deny that this indorsement is an appearance, or has any attribute of it.

Section five hundred and twenty-three of the Practice Act defines when a party shall be deemed to have appeared, "when he answers, demurs, or gives the plaintiff a written notice of appearance, or when an attorney gives notice of appearance for him." In this case none of the defendants answered or demurred, nor did any of the defendants give a written notice of their appearance. (*Steinbach* v. *Leese*, 27 Cal. 299; *Glidden* v. *Packard*, 28 Cal. 649.)

He also says that the recital in the decree, that the parties had been duly served with process, is conclusive evidence of that fact. To this we say, that the jurisdiction of the Court over the person must appear, and that no Court can acquire jurisdiction by the mere assertion of it, or by deciding that it has it. (*McMinn* v. *Whelan*, 27 Cal. 314.) There being no personal service or appearance, the judgment is void upon its face, and can be attacked at any time, however it comes in question. (*Forbes* v. *Hyde*, 31 Cal. 342.)

*J. McM. Shafter,* for Respondents.

I. Appellant's objection to the record as evidence is too uncertain and equivocal to form the basis of an exception. The objection is not that a thing unauthorized was done, or that something requisite is omitted, but only that a certain effect upon the plaintiff's action is not produced. Furthermore, it is unfounded in fact. The plaintiff claims under Sanders and Brenham, as well as through the judgment creditors. Now, Sanders and Brenham personally admitted service in due form. (Prac. Act, Sec. 33.) The objection was properly overruled, if the testimony was proper for any purpose; and that it showed a valid judgment against Sanders and Brenham is not disputed.

II. The decree itself shows conclusively all the jurisdictional facts. It recites that all the defendants reside in the City of San Francisco; that they have been all duly served; and that their default has been duly entered. Under the decisions of this Court, we think the above recitals are conclusive in favor of the jurisdiction.

It is perfectly settled in this State, both by *Carpentier* v. *Oakland,* 30 Cal. 439, and the case cited by plaintiff of *Forbes* v. *Hyde,* that the judgment of a Court of general jurisdiction is presumed to be in all respects regular; and if there is claimed to have been a defect of jurisdiction, the defect, to be available, must appear upon the face of the record.

If there was a failure of "proof on file," those interested against the judgment should have applied directly to set aside the judgment; or at least, they should in this case show that there is no such "proof on file." This they have not attempted to do. (*Holbert* v. *Montgomery's Executors,* 5 Dana, 11; *Field* v. *Gibbs,* 1 Peters, 155; *Tichout* v. *Cilley,* 3 Vt. 415; *Pillsbury* v. *Dugan,* 9 Ohio, 117; *Hart* v. *Seixas,* 21 Wend. 40; *Foot* v. *Stevens,* 17 Wend. 483.)

III. Taking it for granted that the "indorsements upon the summons" constitute the only proof of service, they are entirely sufficient to that end. While the statute allows ser-

vice to be proved by admission, it nowhere prescribes that it shall be personal; nor is it forbidden, either in terms or by implication, that such admission may be made by attorney. Under this statute, just such an admission of service has been twice held sufficient in this State. (*Crane* v. *Brannan,* 3 Cal. 192; *Alderson* v. *Bell et ux.,* 9 Cal. 315.)

The latter case establishes the presumption in favor of judgments to an extent more than sufficient for our purposes. It still further expressly holds that the facts necessary to uphold the jurisdiction must be presumed to have existed; and that it must be likewise presumed that all necessary evidence was given to show such jurisdictional facts in the Court below. In aid of these cases, *Carpentier* v. *Oakland* comes in and declares that the omission of such proof must be found in the record alone.

By the Court, RHODES, J.:

The objection of the plaintiff to the admission in evidence of the judgment in the case of *Moss* v. *Sanders and others*— "because the Court had no jurisdiction over the person of any of the defendants in said action, so as in any manner to defeat the plaintiff's right to recover in this action"—was not well taken. If the judgment was valid against any of the defendants in that action under whom the present plaintiff claims, it was admissible. Sanders and Brenham admitted due service of the summons, etc., and therefore the Court acquired jurisdiction of them, and as to them the judgment is valid.

Treating the objection as presenting the more comprehensive ground, that the judgment was not valid as against each and all of the judgment creditors of Sanders and Brenham, under whom the plaintiff claims title, it is still untenable. It is stated in the transcript that the judgment contains the recital that "the defendants above named having been duly served with process,    *    *    *    as appears by the proof of

service of the process issued herein and on file in this action,"
etc. This recital, under the rule in *Hahn* v. *Kelly,* 34 Cal.
390, is conclusive of the question of jurisdiction of the per-
son of the defendants.

Judgment affirmed.