[L. A. No. 3969.    Department One.—May 4, 1917.]

BANK OF COMMERCE AND TRUST COMPANY (a Corporation), Respondent, v. PATRICK KENNEY, Appellant.

Judgment—Presumptions in Favor of Regularity.—Every presumption is in favor of the regularity of the proceedings in a court of general jurisdiction upon which a judgment is based, and it devolves upon the appellant to affirmatively show the error upon which he relies for reversal.

Id.—Partition—Judgment Against Defendant for Costs—Execution Sale—Judgment-roll—Recitals of Personal Service.—Where in a partition suit land allotted to a cotenant who was made a defendant was sold under execution to satisfy a judgment for costs assessed against his allotment, and the judgment-roll therein recites that legal process was duly served upon all persons who had or claimed to have any interest in the common property who were in this state, and that, as to others, service by publication was had, it will be presumed, on an appeal from a judgment quieting the title of the execution purchaser against such defendant, the contrary not being made to appear, that the defendant was within the state at the time of the partition action and was personally served with summons therein.

APPEAL from a judgment of the Superior Court of San Diego County.    T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

E. H. Lamme, and E. I. Kendall, for Appellant.

Sam Ferry Smith, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—From a judgment rendered in favor of plaintiff quieting its title to certain real property described in the complaint as lots 17 to 20, both inclusive, in block 39 of Middletown Addition, according to partition map thereof on file in the county clerk's office of San Diego County, in the case of Roark et al. *v.* Forward et al., and an order denying his motion for a new trial, defendant appeals.

It appears in the statement on the motion for a new trial that Middletown Addition is a subdivision of Pueblo Lot 1121 of the public lands of the city of San Diego; that after the title of the said pueblo lot had vested in a number of persons as tenants in common, among whom was Patrick *Kenney,* the defendant, an action was instituted wherein all owners thereof were made parties, the purpose of which suit was to obtain a decree partitioning said Pueblo Lot 1121. A summons was issued by the clerk in form as directed by section 756 of the Code of Civil Procedure, which, as shown by the judgment-roll in the partition suit, the court found to have been served as follows: "That legal process of this court was duly served upon all the parties and all the tenants in common and all persons having any interest in or lien of record by mortgage, judgment, or otherwise upon said tract of land or any particular portion thereof and all persons who had or claimed to have any interest in said property who were in this state, and that as to all persons or parties having any share or interest who were unknown or who resided out of this state or who had departed from this state or could not, after due diligence, be found within this state or conceal themselves to avoid the services of summons, or who was a foreign corporation, having no managing or business agent, cashier, or secretary within this state and the facts were made to appear by affidavit to the satisfaction of the court and it appearing by such affidavit and the verified complaint on file that a cause of action existed against said defendants in respect to whom the service was made and that they were each necessary and proper parties to the action, and the said court made an order that a service be made by publication of the

summons, and said summons was duly served upon all and each of said parties by publication as provided by law and directed by said order.''

At the trial a judgment was rendered wherein it was, among other things, decreed that Patrick Kinney was the owner of and entitled to have set apart to him as such owner all of block 39, as designated upon the partition map, subject, however, to the payment of $140.50 costs assessed against said lot. Default being made in payment of said costs, block 39 was, by the sheriff, sold and conveyed to one H. C. Gordon, from whom, by mesne conveyances, the plaintiff acquired title to the lots in question.

The proposition presented is, conceding defendant's ownership of an individual interest in the pueblo lot represented by block 39, was he divested of title thereto by the sheriff's sale to Gordon, to whose interest plaintiff succeeded? That upon this record he was so divested of title admits of no doubt, unless the proceedings in the partition suit are void as to him by reason of designating Patrick *Kinney* as the owner of such interest when, in fact, the true name of such owner was Patrick *Kenney*. Appellant concedes that had there been personal service upon the defendant, then the use of the name Kinney for Kenney might be deemed a mere misnomer, or the doctrine of *idem sonans* be applied, and hence, in either view of the case, no cause for complaint exist, but he contends that such rule has no application to cases where service is obtained by publication, in support of which contention he cites a number of authorities from other jurisdictions. In our view of the case, it is unnecessary to determine this proposition.

Every presumption is in favor of the regularity of the proceedings in a court of general jurisdiction upon which a judgment is based, and it devolves upon the appellant to affirmatively show the error upon which he relies for reversal. The return of the summons and service thereof is not brought up in the record. We must therefore look to the recitals in the judgment-roll, not necessarily for *proof* of *personal* service upon the defendant, without which appellant insists a binding decree as to defendant could not have been made, but, since the presumption is that the court would not have acted thus illegally, for a showing in the record of *want of such personal service*. Now, the recital is "that legal process . . . *was duly served upon all . . . persons who had or*

*claimed to have any interest in said property who were in this state,"* and that, as to others, service by publication was had. Conceding, as claimed by the appellant, that under the circumstances shown, service upon the defendant *by publication* would not warrant the rendition of the judgment against him, nevertheless, since he admittedly had an interest in the property, and since the contrary is not made to appear, the presumption is that he was *within the state,* and being in the state and not shown to be within the excepted class upon whom service was had by publication, we must accept as true the recital that he was "duly served," which under the circumstances shown could not be other than "personally served." "Any condition of facts consistent with the validity of the judgment will be presumed to have existed, rather than one which will defeat the judgment." (*In re Eichhoff,* 101 Cal. 600, [36 Pac. 11] ; *Canadian etc. Co.* v. *Clarita etc. Co.,* 140 Cal. 672, [74 Pac. 301].) Hence, conceding the recitals in the judgment-roll to be applicable to substituted service, in which case, as claimed by appellant (though not decided), the judgment is invalid, they are likewise equally applicable to and consistent with personal service, so presumed to have been made, hence the judgment is binding upon defendant.

It is significant that, while defendant disclaims being a party to the partition suit, and asserts that he was not served with process therein, he nevertheless claims ownership, not of an undivided interest in the said pueblo lot, but title to the segregated portion thereof designated as block 39 according to the partition map prepared and filed in the case of *Roark et al.* v. *Forward et al.,* as set apart to Patrick *Kinney,* which claim, in the absence of any conveyances thereto shown, finds support in the sole theory that he, as owner of an interest therein and as a party to said action sued as Patrick *Kinney,* derived his title to such segregated parcel of land through and by virtue of the partition proceedings. As to such interest as he had in the property, he, as Mr. Patrick *Kinney,* affirms the proceeding in so far as it sets aside and confirms to him that portion of the pueblo lot designated on the map as block 39 which, except for the proceeding, would have no location or habitat. But as to the other matters

connected with the proceeding, which may prove burdensome, he, as Patrick *Kenney,* disaffirms and repudiates the same.

The judgment is affirmed.

Sloss, J., and Shaw, J., concurred.