[S. F. No. 9394.   In Bank.—August 20, 1920.]

In the Matter of the Estate of JANE O'NEILL, Deceased. MARY HARDIMAN et al., Petitioners, v. LINCOLN S. CHURCH, as Judge of the Superior Court of Alameda County, Respondent.

[1] ESTATES OF DECEASED PERSONS—WILL CONTEST—WANT OF JURISDICTION.—Want of jurisdiction is not a proper ground of contest of a will, but the contestants have the right to object to the jurisdiction of the court to entertain the application for probate on that ground, and a statement in the opposition to probate of the alleged facts in such regard constitutes such an objection.

[2] ID.—ORDER ADMITTING WILL TO PROBATE — APPEAL—REVIEW OF JURISDICTIONAL QUESTION—RIGHT OF CONTESTANTS.—Upon an appeal from a judgment or order admitting a will to probate the contestants are entitled to have reviewed the conclusion of the trial court on the question of the residence of the deceased, a matter essential to the jurisdiction of the court to try the contest, and such rulings in the matter of receiving or excluding evidence on that issue as may be complained of.

[3] ID.—SETTLEMENT OF BILL OF EXCEPTIONS—RIGHT OF CONTESTANTS.
    Upon an appeal from a judgment or order admitting a will to
    probate, the contestants are entitled to have their bill of ex-
    ceptions settled for use on the appeal, notwithstanding the appeal
    was taken more than sixty days after the entry of judgment,
    where it was taken within thirty days after the entry of an order
    denying a new trial, although the notice of intention to move
    for a new trial contained no ground upon which a new trial
    could be granted, but was limited to the issue of residence of the
    deceased at time of death and the matter of jurisdiction of the
    court.

APPLICATION for a Writ of Mandate to compel the set-
tlement of a bill of exceptions.   Granted.

The facts are stated in the opinion of the court.

W. F. Stafford and Wm. M. Stafford for Petitioners.

Dixon L. Phillips for Respondent.

ANGELLOTTI, C. J.—This is a proceeding in mandate
to compel the settlement of a bill of exceptions for use on
an appeal from a judgment or order of the superior court
of Alameda County admitting to probate the will of one
Jane O'Neill.  The will was contested, petitioners here, who
were heirs of deceased, being the contestants, the grounds
of contest stated in the written opposition to probate filed
being, first, want of jurisdiction of the superior court of
Alameda County for the reason that deceased was not a
resident of that county at the time of her death; second, in-
competency of deceased to make a will; third, want of
proper execution, and fourth, undue influence.  [1]  The
first ground stated was not a proper ground of *contest of
the will* (Code Civ. Proc., sec. 1312), but the contestants
did have the right to object to the jurisdiction of the court
to entertain the application for probate on that ground,
and the statement in the opposition to probate filed of the
alleged facts in this regard constituted such an objection.
Answer to the opposition was filed by the proponent of the
will, and, a trial having been had, judgment was given ad-
mitting the will to probate.  Within the time prescribed by
law therefor the contestants duly initiated a proceeding on
motion for a new trial of the contest, the grounds therefor

specified therein being limited, however, to the issue of the residence of the deceased at the time of her death, and the matter of the jurisdiction of the superior court of Alameda County, dependent on the residence of deceased in said county at such time, to admit said will to probate, or to hear said contest. The motion for a new trial was denied on November 15, 1919, the order of denial being entered that day, and the appeal of contestants from the judgment was taken within thirty days thereafter, viz., on November 24, 1919, but not within sixty days after the entry of the judgment or order admitting the will to probate. Within the time allowed by law, assuming the time commenced to run upon notice of the order denying a new trial, and the further time granted by the court, contestants served their proposed bill of exceptions, this proposed bill containing only matters relative to the residence of deceased at the time of her death, including the rulings of the trial court in regard to evidence offered on this question and its determination on the evidence that the deceased was a resident of Alameda County.

[2] It cannot be disputed that upon an appeal from the judgment or order admitting the will to probate the contestants are entitled to have reviewed the conclusion of the trial court on the question of the residence of the deceased, a matter essential to the jurisdiction of the court to try the contest, and such rulings in the matter of receiving or excluding evidence on that issue as may be complained of. (See *Estate of Latour,* 140 Cal. 414, 425, [73 Pac. 1070, 74 Pac. 441].) The learned judge of the trial court refused to settle the bill solely on the ground that the attempted appeal was not taken within the time allowed by law, and the further ground that the proposed bill was not served in time. Neither of these objections was well grounded if there was a proceeding on motion for a new trial, for the appeal, while taken more than sixty days after the entry of judgment, was taken within thirty days after the order denying a new trial was entered (Code Civ. Proc., sec. 939), and the proposed bill of exceptions was served within the time allowed by law as extended by the court after the entry of such order. (Code Civ. Proc., sec. 650.) We have seen that a proceeding for a new trial was duly instituted and terminated by an order denying the motion. The law allows

such a proceeding in the case of "contests of will." (Code Civ. Proc., sec. 1714.) The claim in this connection is, in the last analysis, that. in view of the fact that no ground upon which a new trial of the contest could properly be granted was stated in the notice of intention to move for a new trial, there was in fact *no proceeding on motion for a new trial* within the meaning of our statutory provisions relative to the time of taking appeals, with the result that the appeal should have been taken within sixty days after the entry of the judgment or order. [3] We are satisfied that it cannot fairly be so held. There was in fact a proceeding on motion for a new trial in a case where the statute expressly allows such a proceeding. The motion was more obviously devoid of merit, perhaps, than such motions usually are, but the objection was one going to the merits of the motion and not to the jurisdiction of the court to entertain it. (See in this connection *Estate of Nutt*, 180 Cal. 419, [181 Pac. 661], and cases there cited.) As a matter of right the petitioners were entitled to have the bill of exceptions settled for use on their appeal from the judgment or order.

We see no ground upon which it may fairly be held that petitioners are not entitled to a writ of mandate as prayed. Of course, our decision is not to be taken as intimating any view as to the merits of the appeal in the light afforded by the proposed bill. So far as this application for mandate is concerned, that is a matter that may properly be decided only upon the hearing of the appeal, or upon a motion to affirm for obvious want of merit in the appeal.

Let a peremptory writ of *mandamus* issue in accord with the prayer of the petition.

Shaw, J., Lawlor, J., Lennon, J., Wilbur, J., and Olney, J., concurred.