[L. A. No. 6807. In Bank.—June 20, 1921.]

LENA ALDEN, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

[1] ESTATES OF DECEASED PERSONS—WILL CONTEST—TRIAL OF ISSUE OF RESIDENCE—NEW TRIAL.—In a contest to the probate of a will, the trial of the issue as to the residence of the deceased at the time of death is a trial of an issue of fact within the meaning of section 656 of the Code of Civil Procedure, and a new trial of such issue is authorized under section 657 of such code.

APPLICATION for a Writ of Prohibition to restrain further proceedings in the probate of a will. Denied.

The facts are stated in the opinion of the court.

Thomas B. Leeper for Petitioner.

Mattison B. Jones and Jones, Wilson & Stephenson for Respondent.

SLOANE, J.—Petitioner is asking for a writ of prohibition to restrain the superior court of the county of Los Angeles from taking further proceedings in the matter of the probate of the will of William Lowell Bundy, deceased, under an order granting a new trial.

Petition had theretofore been filed in said court for the probate of the last will of said decedent, wherein it was alleged that at the time of his death said decedent was a resident of the said county of Los Angeles.

The petitioner here, Lena Alden, thereupon filed opposition to the probate of said will denying that decedent was at the time of his death a resident of said county of Los Angeles, and averring that he was at all times a resident of the county of Sacramento, and setting up as further grounds of opposition that decedent was incompetent to make a will, and that the same was signed by reason of undue influence and duress. It was also alleged that decedent prior to the execution of the will had been judicially declared an incompetent person, and that such judgment of incompetency remained in full force and effect; that during all of said period one M. P. Barnes was the duly

appointed, qualified, and acting guardian of the person and estate of said incompetent.

The hearing upon the petition for probate, opposition, and answer thereto was regularly set down for trial, and upon the day set, in pursuance of a previous order of the court, the issues were segregated and the trial was had upon the sole issue of the place of residence of the decedent.

Several days were consumed in the hearing, many witnesses were examined on the part of both proponent of the will and contestant, the evidence being directed largely to the mental capacity of the decedent to choose a place of residence, during the period of his adjudged incompetency, the evidence disclosing that at the time he was declared incompetent he was a resident of Sacramento, but had been living in Los Angeles thereafter and for some time prior to and up to the time of his death.

Upon this hearing, which was had before the court without a jury, the court made its findings of fact and conclusions of law and adjudged in pursuance therewith that decedent was at the time of his death a resident of Sacramento, and thereupon made its order or judgment of dismissal of the proceedings for want of jurisdiction in the superior court of the county of Los Angeles to entertain the same.

The proponent of the will thereafter, in due time and in manner provided by law, moved for a new trial on the ground of insufficiency of the evidence to support the findings and judgment of the court.

The court granted the motion and ordered a new trial.

It is petitioner's contention "that a new trial will not lie in a probate matter such as this, where the court has merely decided the question of residence which is a preliminary prerequisite to its acquiring jurisdiction to hear the issues in the case"; and that the "determining of the right of the court to hear the issues in the case is not a trial of the issues, and an order dismissing the petition for want of jurisdiction, is not a decision within the meaning of section 657 of the Code of Civil Procedure, which authorizes the granting of a new trial."

The fact appears that the determination of the question before us rests solely upon whether or not the trial of the dispute as to decedent's residence comes within the terms of section 656 of the Code of Civil Procedure.

That section defines a new trial as "a re-examination of an issue of fact in the same court after a trial and decision by a jury, court, or referee."

According to the provisions of section 590 of the Code of Civil Procedure, "An issue of fact arises: 1. Upon a material allegation in the complaint, controverted by the answer; and, 2. Upon new matters in the answer, except an issue of law is joined thereon."

The proceedings here arose upon the contest of a probate of will. It is expressly provided under section 1714 of the Code of Civil Procedure that the code sections relating to new trials, so far as not inconsistent with provisions of the code title governing probate proceedings, apply to "cases of contests of wills."

There was in this case a trial of a question of fact before the court and a finding and decision thereon which resulted in a judgment of dismissal of the proceedings to probate the will, or what in an ordinary action would be termed a judgment of nonsuit.

The only material matter in dispute is whether or not the issue so prosecuted was upon a material allegation presented by the pleadings.

The provisions of section 1312 of the Code of Civil Procedure, appealed to by petitioner here, are not conclusive or even persuasive on this point. That section does not purport to define or enumerate all the issues that may be raised upon opposition to the probate of a will, but merely such issues as must be submitted to a jury if a jury is demanded. It authorizes written grounds of opposition to the probate, and declares that any issues of fact thus raised, involving the competency of the decedent to make a will, the freedom of the testator from duress or undue influence, the due execution of the instrument, or any other question affecting the validity of the will shall be tried before a jury if either party demands a jury trial.

There may be, and obviously are, other issues of fact that frequently are put in issue—questions of jurisdiction, of the right of the contestant to oppose the admission of the will to probate, matters which may be pleaded in abatement of the proceedings. The circumstance that these are matters which do not demand a jury trial is not significant, as a jury trial under our procedure is not a condition to a mo-

tion for new trial. All issues of fact do not have to be tried by jury. Section 592 of the Code of Civil Procedure declares that in matters not otherwise directed "issues of fact must be tried by the court, subject to its power to order any such issue to be tried by a jury."

The matter in dispute, therefore, resolves itself into a question as to whether or not the issue of residence upon which this case was tried and determined was an issue of fact arising on the pleadings.

As a matter of fact, the issue is presented by the pleadings, in the petition for the probate of the will, the written opposition to the probate, and the answer to the opposition. It is true that there is no express requirement under the code that the jurisdictional facts as to the residence of decedent at the time of his death shall be set out in the written opposition by contestant; but it is required by section 1300 of the Code of Civil Procedure that the petition for probate shall set out the jurisdictional facts, and one of the essential jurisdictional facts, as set forth in section 1294, is that wills must be probated in case of a resident of the state "in the county in which the decedent was a resident at the time of his death." The matter of contesting probate of a will is in the nature of a special proceeding, and the forms of pleading are specifically declared, but it seems clear that in such a contest the petition for probate must be taken into account as the very foundation of the proceeding, since the filing of an opposition before a will has been admitted to probate is predicated on the fact that proceedings for admitting the will to probate are pending. (Code Civ. Proc., secs. 1307, 1312.)

It may be true that it is the duty of the trial court to ascertain the facts as to residence, whether pleaded or not, but we see no reason why this circumstance should make it unnecessary to plead the issue, or render it any less an issue of fact under the pleadings when thus presented.

In *Estate of Latour*, 140 Cal. 414, [73 Pac. 1070, 74 Pac. 441], in which want of jurisdiction was raised on appeal because decedent was not a resident at the time of his death of the county where probate proceedings were pending, Mr. Justice Angellotti, writing the opinion, makes a point of the fact that "there was no issue of fact made as to this in the lower court" and the court in that case holds

that: "While it is true that non-residence is not a ground of contest, it is clear that contestant could have legally made her objection on that ground in the lower court. This court will not upon appeal review the conclusions of a trial court as to facts essential to its jurisdiction concerning which such court was vested with power to hear and determine, at the instance of a party who has appeared in that court in the action or proceeding and has omitted there to in any way urge his objection, but has proceeded therein upon the theory that the court has jurisdiction." It therefore follows that it is the right of the contestant and is important that he make the question of residence an issue, and have that issue tried on its merits; otherwise he is estopped by a mere *pro forma* or implied finding of the court. (*Estate of Griffith,* 84 Cal. 107, [23 Pac. 528, 24 Pac. 381]; *In re Eickhoff,* 101 Cal. 600, [36 Pac. 11]; *Estate of Dole,* 147 Cal. 188, 194, [81 Pac. 534].)

In matters affecting the probate of a will the facts of the death of the testator and his place of residence at the time of his death are issues as vital to the proceedings as the facts of marriage, and residence in the state and county where action is commenced, are to an action for divorce; and it has long been settled that a complaint in divorce which fails to allege the marriage and statutory residence, fails to state a cause of action, and that findings on these issues are required to uphold the judgment. (*Haskell* v. *Haskell,* 54 Cal. 262; *De Tolna* v. *De Tolna,* 135 Cal. 575, [67 Pac. 1045]; *Faulkner* v. *Faulkner,* 90 Wash. 74, [155 Pac. 404]; 19 Corpus Juris, p. 107.)

Yet there is the same legal duty upon the trial court to determine these questions of jurisdiction before granting a divorce as in determining the jurisdiction in the matter of the probate of a will; and in the divorce procedure there is not, or has not been until recently, any express requirement under the code that the jurisdictional facts be pleaded as is required in a petition for probate.

This court has held (*In re Bauquier,* 88 Cal. 302, [26 Pac. 178, 532]) that objection to the appointment of an executrix named in a will for want of integrity raised an issue of fact which could be considered on motion for a new trial, and the court in its opinion there says: "It would be impracticable to enumerate the cases in which a motion

for a new trial is appropriate in probate proceedings, but it may be stated generally that whenever the action of the court, which is invoked, is dependent upon the existence of certain extrinsic facts which are presented to it for determination in the form of pleadings, and are to be decided by it in conformity with the preponderence of the evidence offered thereon, an issue of fact arises which after its decision may be re-examined by the court upon a motion for a new trial.''

While the scope of application of code provisions relating to new trials has been restricted in probate proceedings by code amendments since the foregoing decision (sec. 1714, Code Civ. Proc.), it has not in any way been limited so as to affect their application to contests of wills.

In *People* v. *Bank of San Luis Obispo,* 152 Cal. 261, 268, [92 Pac. 481, 484], a special proceeding under the Bank Commissioners' Act (Stats. 1903, p. 368), this court adopts and enlarges the rule laid down in the preceding citation as follows:

''The rule is that whenever, under the pleadings in a suit, an issue of fact is presented to a court, which is to be determined by the preponderance of evidence submitted on the issue, a party is entitled, after a decision or finding of the court on such issue, to have the court re-examine it upon a motion for a new trial, and this rule applies whether the action be one at law or equity, or in special cases or special proceedings. This is the general rule as to all trials where an issue of fact is involved and determined, and there is nothing in the act taking away the right to move for a new trial, and nothing in the provisions of the code limiting its exercise to actions or proceedings other than special proceedings of the character here involved.''

The decision of the district court of appeal in *Estate of O'Neill,* 32 Cal. App. Dec. 311, cited by petitioner, was vacated by order of this court, and a rehearing had herein and a decision was reached upon other grounds and without passing upon the question involved here. (*Estate of O'Neill,* 183 Cal. 585, [191 Pac. 1106].)

In any event, while points in the O'Neill case were raised on a state of facts very similar to those presented here, it is apparent from the argument advanced that the conclusion to the effect that the question of residence, which, as here, was tried separately and as preliminary to the at-

tack on the will, was not an issue in the case, was largely influenced by the contention that is made here, namely, that the issues of fact which could be presented in the contest of probate of a will are limited to the objections enumerated in section 1312 of the Code of Civil Procedure, as objections which demand a jury trial.

As already pointed out, issues are constantly presented in actions where the parties are entitled to a jury which, if standing alone, could be tried without a jury, and which, where a jury trial is had, are commonly submitted to the jury with other issues of the case. Neither does the fact that for convenience of the parties and the court this issue as to residence was tried first and separately change its status as an issue in the case. It was so tried because if decided adversely to the proponent of the will it would determine the proceedings and make unnecessary the taking of evidence on the other issues of the case. Had the issues all been tried at once and, after submission, decided for contestant solely on a finding that the decedent was not a resident of Los Angeles County at the time of his death, would it be contended that there had not been a trial and that a motion for a new trial could not be predicated upon the insufficiency of the evidence to support such finding?

This view of the law does not trench on the general rule that motions for new trial do not lie from rulings of the courts on questions of fact collaterally raised, and which do not call for formal trial, and where no provision is made for framing issues under the proceedings, such as proceedings supported by affidavits, applications to set apart exempt property, family allowances, and proceedings of similar character. (*In re Heldt*, 98 Cal. 553, [33 Pac. 549]; *Leach* v. *Pierce*, 93 Cal. 614, [29 Pac. 235]; *Shipman* v. *Superior Court*, 150 Cal. 425, [88 Pac. 1090]; *Estate of Heywood*, 154 Cal. 314, [97 Pac. 825]; *Harker* v. *Hildreth*, 99 Cal. 265, [33 Pac. 1103]; *Estate of Franklin*, 133 Cal. 584, [65 Pac. 1081].)

It would seem good practice and good policy to sustain the right of motion for new trials upon such questions of jurisdiction as is presented in this proceeding. They are decisive of the case where the facts do not sustain the jurisdiction, and if there has been a mistrial, or the court

finds the evidence insufficient to support the finding, it would seem advisable to afford a speedy opportunity for a new trial rather than to incur the inevitable delay of a hearing on appeal.

[1] When we consider that the point involved was conclusive of the right of proponent of the will to maintain the proceeding; that it was clearly made an issue by the pleadings; that it involved a hearing lasting several days, in which many witnesses on both sides of the controversy were examined; that evidence was taken which, by stipulation of the parties, was to be used on other branches of the contest, if jurisdiction was upheld; that the court made elaborate findings of fact, and entered a judgment of dismissal of the action thereon, it would be going far in limitation of proceedings for a new trial to hold that there had not been a trial upon "an issue of fact" in this proceeding.

The writ is denied.

Wilbur, J., Olney, J., Shaw, J., Angellotti, C. J., Lennon, J., and Lawlor, J., concurred.

Rehearing denied.

All the Justices concurred, except Wilbur, J., who was absent.