[Civ. No. 5842. Second Appellate District, Division One.—September 19, 1927.]

In the Matter of the Estate of ELLEN MAHONY, Deceased. ELLEN FLATLEY, Appellant, v. CHARLES S. CONNOR, Respondent.

 

Thomas A. Sanson for Appellant.

Charles Cassat Davis for Respondent.

McLUCAS, J., *pro tem.*—The contestant appeals from a judgment, order, and decree overruling her objection to the admission to probate of the foreign will of the deceased and admitting the same to probate and appointing the petitioner administrator of the estate with the will annexed.

██ The sufficiency of the proofs of the foreign probate is the sole question presented on this appeal. The petitioner produced and offered in evidence the duly authenticated copy of the record of the probate of the will of Ellen Mahony, in the High Court of Justice (probate), the District Registry at Kilkenny, containing a copy of the will and the order or decree admitting the same to probate as required by the provisions of section 1323 of the Code of Civil Procedure. Appellant in her written opposition to the probate of the document controverted the jurisdiction of the Irish court to admit the will to probate, and now calls attention to the fact that section 456 of the Code of Civil Procedure provides in that event that "the party pleading must establish on the trial the facts conferring jurisdiction." In support of this position appellant cites the case of *Wickersham* v. *Johnston*, 104 Cal. 407 [38 Pac. 101], as authority that the pleadings, petition, and proceedings which lead up to the order admitting the will to probate should have been included in the record. In 1919 [Stats. 1919, p. 165] section 1323 of the Code of Civil Procedure was amended by changing the words in the first sentence, "When a copy of the will, and the probate thereof" to "When a copy of the will, and the order or decree admitting the same to probate." So that the section now reads as follows: "When a copy of the will, and the order or decree admitting same to probate,

duly authenticated, shall be produced by the executor, or by any other person interested in the will, with a petition for letters, the same must be filed, and the clerk of the court must appoint a time for the hearing; notice whereof must be given, as hereinbefore provided for an original petition for the probate of a will.''

Section 1324 of the Code of Civil Procedure requires the admission of such authenticated form of will to probate in this state, and reads as follows: "If, on the hearing, it appears upon the face of the record that the will has been proved, allowed, and admitted to probate in any other of the United States, or in any foreign country, and that it was executed according to the law of the place in which the same was made, or in which the testator was at the time domiciled, or in conformity with the laws of this state, it must be admitted to probate, and have the same force and effect as a will first admitted to probate in this state, and letters testamentary or of administration issued thereon.''

In the case at bar the facts required by section 1324 of the Code of Civil Procedure are shown on the face of the record and by the copy of the will included therein.

Section 1906 of the Code of Civil Procedure provides that a judicial record of a foreign country may be proved by the attestation of the clerk or of the legal keeper of the record with the seal, together with a certificate of the chief judge that the person making the attestation is the clerk of the court or legal keeper of the record, that the signature is genuine, and that the attestation is in due form. The signature of the chief judge or presiding magistrate must be authenticated by the certificate of the minister or ambassador or a consul or vice-consul or consular agent of the United States in such foreign country. Each of these requirements is complied with in the authenticated copy of the will and the order or decree admitting the same to probate. The record as specified in sections 1323 and 1324 of the Code of Civil Procedure, authenticated as prescribed in section 1906 of the Code of Civil Procedure, is the evidence required by the code for the admission of a foreign will to probate. Section 1323 of the Code of Civil Procedure, as amended in 1919, has been construed in *Estate of Sankey*, 199 Cal. 391 [249 Pac. 517], where the court says at page 398: "Our statute provides only for the presenting of duly certified

copies of the will, and the decree admitting the will to probate." On page 399 the court further says: "If a lack of jurisdiction does not appear on the face of the record, on collateral attack, the jurisdiction will be presumed, even though the necessary facts conferring it do not affirmatively appear in the decree. Under such circumstances it will be assumed the parties were properly before the court and that the proceedings were regular. (15 Cal. Jur. 68.) In 1 Freeman on Judgments, 5th edition, page 723, it is said: 'If the residence of the deceased within the territorial jurisdiction of the court at the time of his death is essential to give the court power to admit the will to probate, or to grant letters of administration of his estate, its adjudication of such fact cannot . . . be drawn in question collaterally.' In the *Estate of Dole,* 147 Cal. 188 [81 Pac. 534], the court said: 'The determination of the probate court as to the residence of the deceased at the time of his death is final in all collateral proceedings. (*Irwin* v. *Scriber,* 18 Cal. 500; *In re Griffith,* 84 Cal. 107 [23 Pac. 528, 24 Pac. 381]; *In re Eichoff,* 101 Cal. 605 [36 Pac. 11]; *Estate of Latour,* 140 Cal. 421 [73 Pac. 1070, 74 Pac. 441].)'"

In the case at bar no lack of jurisdiction appears on the face of the record, but the necessary facts conferring it do affirmatively appear in the decree, which is sufficient to meet the requirements of section 456 of the Code of Civil Procedure in the absence of any contrary showing.

Appellant further objects that the certificate of the presiding magistrate could not have been attached to the record introduced in evidence because it refers to "letters testamentary" and "the proof of such will." The foregoing are not required to be produced by the terms of section 1323 of the Code of Civil Procedure, and would be considered surplusage. (*Estate of Sankey, supra.*)

It is ordered that the judgment be affirmed.

Houser, Acting P. J., and York, J., concurred.