[L. A. No. 12577. In Bank.—January 29, 1931.]

In the Matter of the Estate of MAY WHEELER RANDOLPH, Deceased. J. W. RANDOLPH, Appellant, v. ANZONETTA LLOYD COLLISON, Respondent.

H. H. Harris and David E. Field for Petitioner.

Louis P. Pink for Respondent.

WASTE, C. J.—Motion to dismiss. Claiming to be the surviving husband of May Wheeler Randolph, deceased, the appellant filed a petition in the court below nominating and requesting the appointment of the Bank of Italy National Trust & Savings Association as administrator of her estate. The bank filed its petition requesting the issuance of letters to it as such nominee. Respondent, a daughter of the decedent, filed written objections to each of the petitions, alleging, in substance, that appellant was not legally married to the decedent at the time of her demise, and was not, therefore, in a position to nominate anyone to serve as administrator of the estate. In addition, respondent requested that she be appointed administratrix of her mother's estate. She also filed a petition requesting the probate of what is alleged to be the decedent's last will and testament and asking the appointment of an executor. These several petitions were heard together. Upon the conclusion of the evidence, the court found, among other things, that the purported marriage between decedent and appellant was illegal and void, for which reason he was not the surviving husband of the decedent and therefore was not in a position to serve as or to nominate anyone to serve as administrator of her estate; and that upon making the necessary proof respondent was entitled to have the will admitted to probate, and to be appointed administratrix of the estate. A decree in substantially the same language was accordingly entered on April 23, 1930. Appellant filed his intention to move for new trial on May 7, 1930, which was within ten days after service of notice of entry of judgment. Thereafter respondent moved to strike the motion for new trial from the files on the ground that such a motion was not available to appellant. No disposition was ever made of the motion to strike, but on June 27, 1930, the motion for new trial was denied. Thereupon, and on July 7, 1930, appellant filed his notice of appeal from the decree and each and every part thereof. It is thus apparent that the appeal was taken more than sixty days after the entry of the decree, and is, therefore, too late (sec. 1715, Code Civ. Proc.), unless the proceedings for new trial served to extend the time therefor. (Secs. 1714 and 939, Code Civ. Proc.)

442

■ In support of her motion to dismiss, respondent urges that under the provisions of section 1714, *supra,* proceedings by way of new trial were not available and could not serve to extend the time for appeal. The section reads: ''The provisions of part two of this code, relative to new trials and appeals, except in so far as they are inconsistent with the provisions of this title, apply to the proceedings mentioned in this title; provided, that hereafter a motion for a new trial in probate proceedings can be made only in cases of contests of wills, either before or after probate, in proceedings under section one thousand six hundred sixty-four of this code and in those cases where the issues of fact, of which a new trial is sought, were tried by a jury or were of such character as to entitle the parties to have them tried by a jury whether or not they were so tried.'' In opposition to the motion appellant contends that the situation presented to the court below upon the hearing of the several petitions was a will ''contest'' within the meaning of section 1714, *supra,* so as to authorize the institution of new trial proceedings.

The record on appeal has not as yet been filed in this court, but in connection with the motion to dismiss there have been filed an affidavit and an amended affidavit of the trial judge. In the original affidavit he states that the ''case was tried upon the theory that the court, among other things, was called upon to determine the validity or invalidity of the will presented for probate by respondent and objector Anzonetta Lloyd Collison; that in order to determine the validity or invalidity of said will and the consequent right of said respondent to probate same, it was necessary for affiant as such judge to receive evidence on and determine numerous issues of facts, among the more important of which were the following: (a) Was May Wheeler Randolph (formerly May Wheeler Moore) a *bona fide* resident of the county of Washoe, state of Nevada, at the time she obtained an alleged divorce from her first husband, James E. Moore? (b) Was the defendant in said divorce proceedings, to-wit, James E. Moore, duly, or at all, served with process in said divorce action? (c) Was the affidavit of service of summons filed in said divorce action fraudulent? (d) Was the petitioner, J. W. Randolph,

a mulatto within the meaning of section 60 of the Civil Code of the state of California? And by reason of the determination of said issues of fact, the court was further called upon to determine whether J. W. Randolph, the petitioner, was the husband of the deceased, May Wheeler Randolph; that the petitioner, J. W. Randolph, throughout said trial contested the validity of the last will and testament of May Wheeler Winnett (Randolph) on the ground that the same was void by reason of his marriage to the said decedent after the making and execution of said will as provided by section 1300 of the Civil Code and alleged and urged that by reason thereof he was entitled to one-half of the property left by said decedent; that in order to determine the right of said J. W. Randolph to receive the said one-half of said estate, affiant was called upon to determine the validity or invalidity of the marriage of said J. W. Randolph to the deceased.

"That affiant heard testimony, received evidence and listened to argument upon all of the said issues of fact and did try the case upon the theory above set forth, and did make a final determination thereof as is more fully shown by findings of fact, conclusions of law, and judgment on file herein, and by the [notes] of the phonographic reporter who reported said proceedings."

The amended affidavit was made in order to more accurately state the issues before the trial court. It states in part that "so far as I can find, no written opposition or contest to the probate of said will was filed; that at said trial proof was made by the petition of J. W. Randolph of a marriage ceremony entered into between him and the decedent, and evidence was introduced by the objector and contestant Anzonetta Lloyd Collison tending to show that said decedent had theretofore married one Moore and that a certain decree of divorce obtained in the state of Nevada by the decedent from said Moore, was void and of no effect, and that the subsequent marriage was, in consequence thereof, null and void; that the determination of this issue without question would determine the right of said petitioner to share in said estate as the surviving husband of said decedent, and also determine his right to nominate an administrator and, in view of the fact that the alleged

marriage occurred after the execution of the will presented for probate, the determination of that issue would necessarily determine the validity or invalidity of said will so far as the issue of marriage is concerned. It is a fact, however, that at no time in the trial of said case was said will offered for probate or any evidence offered as to its execution, or was any proof made as to publication of notice of the probate thereof at any time. . . .

"The record further shows that thereafter the petition for probate of will was continued from time to time . . . pending the decision of the Supreme Court on the question at issue on appeal, which will determine the validity or invalidity of the will indirectly so far as the issue of marriage is concerned; . . . "

While this proceeding originated as one for letters of administration, there had also been filed a petition for the probate of decedent's last will, and from the foregoing affidavits it is apparent that the trial court concluded that it was required to determine under the allegations of these several petitions what effect, if any, appellant's marriage or purported marriage with the decedent had upon her previously executed will. Examination of the findings and the decree indicate that this issue was determined adversely to the appellant and, further, that respondent upon making the usual formal showing as to due execution, etc., might thereafter have the will admitted to probate. An issue affecting the validity of the decedent's will was thus presented to and determined by the court below. This, in our opinion, constituted a "contest of will", at least in this particular, within the meaning of section 1714, supra, and warranted the institution of new trial proceedings. Section 1312 of the Code of Civil Procedure does not purport to define or enumerate all the issues that may be raised upon opposition to the probate of a will, but merely such issues as must be submitted to a jury if a jury is demanded. (*Alden* v. *Superior Court*, 186 Cal. 309, 311 [199 Pac. 29].) It follows, therefore, that the new trial proceedings extended the time for appeal.

The motion to dismiss is denied.

Shenk, J., Seawell, J., Richards, J., Curtis, J., Preston, J., and Langdon, J., concurred.