

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

Honorable John D. Reed, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. O-4048

Re: Article 6379, R. C. S.,
is enforceable against
company operating in
interstate commerce.

Your request for an opinion of this department reads:

"Please advise me whether or not Article 6379, Revised Civil Statutes, is applicable to a railroad company operating in interstate commerce in order that we may take proper action on a matter now pending before this Department."

Article 6379, Revised Civil Statutes of Texas, provides:

"The air brakes and air brake attachment on each train in this State must be inspected by a competent inspector before such train leaves its division terminal. This article shall not apply to tram roads engaged in hauling logs to saw mills, nor to railroads under forty miles in length. Any corporation or receiver who operates or causes to be operated any such train without such inspection shall forfeit and pay to the State of Texas a penalty of not less than fifty nor more than one hundred dollars, to be recovered by suit. Each operation of any such train without such inspection first having been so made shall be a separate offense."

The answer to be given to the question before us will depend upon whether the Federal Safety Appliance Act, dealing with

safety devices for railroad rolling stock in interstate commerce provides for inspections covered by Article 6379, supra. If such is provided in the Federal Act, the Texas Statute must fall as having been superseded by a Federal Act dealing with the same subject. Southern Railway Co. v. Railroad Commission of Indiana, 236 U. S. 439, 35 S. Ct. 304, 59 L. Ed. 661. The second question to be disposed of is whether or not the Act in question is a burden on interstate commerce.

We have carefully examined the Federal Safety Appliance Act, codified as Title 45, U. S. C. A., and find no provision for the inspection of the brake equipment therein provided for. And hence, we do not believe the Texas Statute can fall within the prohibition of the Southern Railway Co. v. Railroad Commission of Indiana case, supra.

It has been held that the various Federal Safety Appliance Acts embodied in Title 45, U. S. C. A., are essentially police regulations designed for the purpose of safeguarding employees and passengers from injury and death. U. S. v. Philadelphia & R. Ry. Co., 223 Fed. 217; Dodge v. Chicago Great Western R. Co., 146 N. W. 14; U. S. v. International Great Northern R. Co., 9 Fed. (2d) 142.

It is our opinion that the statute under consideration is clearly within the police power of the State and is enforceable unless it can be said that such regulation is a burden on interstate commerce.

It was held by the Supreme Court of the United States in the case of Texas Co. v. Brown, 258 U. S. 466, 266 Fed. 577, that the State of Georgia could require inspection including tests as to quality, as a safeguard with respect to illuminating oil and gasoline when found within its borders, or when moving in commerce from State to State; there being no legislation by Congress upon the subject.

The right of the State of New York to forbid under penalties the heating of railway passenger cars in that State by stoves or furnaces kept inside the cars or suspended therefrom even though such cars were operated in interstate commerce was upheld by the United States Supreme Court in the case of New York, N. H. & H. R. Co. v. People of the State of New York, 17 S. Ct. 418, 165 U. S. 628.

The Arkansas Legislature had the right to require a minimum of three brakemen for freight trains of more than twenty-five cars operated in the State and the same was not an unconstitutional regulation of interstate commerce when applied to a foreign company. Chicago, R. I. & P. Ry. Co. vs. State of Arkansas, 31 S. Ct. 275, 219 U. S. 453.

We do not believe that the statute under consideration constitutes a burden on interstate commerce. It is our opinion that the same is enforceable against a corporation operating in interstate commerce.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Lloyd Armstrong*

Lloyd Armstrong
Assistant

NOV 7 1941

ASSISTANT
GENERAL

LA:RS


APPROVED
OPINION
COMMITTEE
BY *BWR*
CHAIRMAN